ARSENAULT *v.* MASSACHUSETTS.

No. 187, Misc.   Decided October 14, 1968.

*F. Lee Bailey* for petitioner.

*Elliot L. Richardson,* Attorney General of Massachusetts, *Howard M. Miller,* Assistant Attorney General, and *Richard L. Levine,* Deputy Assistant Attorney General, for respondent.

PER CURIAM.

In February 1955 petitioner was arrested in connection with a recent homicide and attempted robbery.   The next morning at a probable-cause hearing, but unassisted by counsel, he pleaded guilty to counts of murder and assault with intent to rob.   Six days later at his arraignment, and again unaided by counsel, he pleaded not guilty to an indictment charging him with first-degree murder. After being assigned counsel for trial he took the stand in his own defense and again pleaded not guilty to the indictment, asserting instead that he lacked the premeditation necessary for first-degree murder.   On cross-examination, the district attorney questioned him about his prior statements at the preliminary hearing and introduced his plea of guilty for the purpose of refreshing

his memory. The jury then returned a verdict of guilty and imposed a sentence of death, since commuted to life imprisonment. On direct review by the Massachusetts Supreme Judicial Court, he assigned as error the admission at trial of his prior plea. The court rejected his claim by affirming the conviction.

In 1966 petitioner sought post-conviction relief from the Massachusetts Supreme Judicial Court on the ground that our supervening decision in *White* v. *Maryland,* 373 U. S. 59, rendered his conviction void. While recognizing a "close similarity" between his case and *White,* that court nonetheless reaffirmed the judgment below on the ground that *White* was not retroactive. Petitioner comes here by petition for a writ of certiorari. The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted.

In *White* v. *Maryland* an accused pleaded guilty when arraigned at a preliminary hearing, and at that time had no counsel to represent him. We held that *Hamilton* v. *Alabama,* 368 U. S. 52, was applicable, as only the aid of counsel could have enabled the accused to know all the defenses available to him and to plead intelligently. *White* v. *Maryland* is indistinguishable in principle from the present case; and we hold that it is applicable here although it was not decided until after the arraignment and trial in the instant case.

The right to counsel at the trial (*Gideon* v. *Wainwright,* 372 U. S. 335); on appeal (*Douglas* v. *California,* 372 U. S. 353); and at the other "critical" stages of the criminal proceedings (*Hamilton* v. *Alabama, supra*) have all been made retroactive, since the "denial of the right must almost invariably deny a fair trial." * See *Stovall* v. *Denno,* 388 U. S. 293, 297.

*Reversed.*

---

*For the distinction drawn between the right-to-counsel cases and those arising under the Fourth and Fifth Amendments, see also *Tehan* v. *Shott,* 382 U. S. 406, 416.