**Louis NADEAU**

**v.**

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Nov. 4, 1968.

Nathanson, Allen & Goldfarb, by Matthew S. Goldfarb, Portland, for plaintiff.

John W. Benoit, Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, and DUFRESNE, JJ.

WEBBER, Justice.

In the case of Nadeau v. State of Maine et al. (Me.1967) 232 A.2d 82, we reviewed the denial of the writ of habeas corpus below and denied the petitioner's appeal. Our decision rested on the sole ground that White v. State of Maryland (1963) 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, should not be applied retrospectively. The United States Supreme Court had not then decided the issue of retroactivity. On October 14, 1968 the Supreme Court in Arsenault v. Commonwealth of Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5, determined that White must be given retroactive application. The State has promptly filed in the Law Court its motion for rehearing and reconsideration in the light of Arsenault. We are satisfied that Arsenault controls. We would not ordinarily entertain such a motion after the lapse of so long a period of time and do so now only because of exceptional circumstances. The petitioner should not, however, suffer any unnecessary delay in receiving the relief to which he has now become clearly entitled as a result of the holding in Arsenault. The State

has moved with commendable alacrity to solicit the aid of this Court in affording such relief. Accordingly we entertain and grant the State's motion and determine thereon that our prior decision in this case should be reversed and the petitioner remanded for a new trial or alternatively a discharge from custody.

The entry will be:

Motion granted. Mandate vacated and recalled. Appeal sustained. Case remanded to the York County Superior Court for issuance of an order on the writ of habeas corpus discharging the petitioner from custody unless within 60 days petitioner is tried anew upon the indictment charging murder on which he was convicted and sentenced (said time to be extended only at the request or with the consent of petitioner); for the entry of further order vacating the conviction and sentence pursuant to which petitioner is now in custody; and for the entry of such further orders as may be necessary or appropriate in either case.

MARDEN and WEATHERBEE, JJ., did not sit.