Argued February 4, reargued May 12, reversed May 28, 1969

DONALD E. HOLBERT, *Appellant, v.*
GLADDEN, *Respondent.*

455 P2d 45

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause and filed a brief for appellant.

*Deane S. Bennett,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

McALLISTER, J.

This is an appeal from an order dismissing petitioner's petition for post-conviction relief.

Petitioner was convicted of knowingly uttering and publishing a forged bank check and on February 1, 1965, was sentenced to a term of 10 years in the penitentiary. The conviction was affirmed by this court in *State v. Holbert,* 242 Or 228, 408 P2d 941 (1965).

On the same day that petitioner was sentenced for the principal offense the district attorney filed an information pursuant to the habitual criminal statute, ORS 168.015 to 168.090, alleging that petitioner had been convicted of three prior felonies. On April 26, 1966, a hearing was held on the information, the court found the allegations true, vacated the 10-year sentence and imposed a new sentence of 20 years under the habitual criminal statute.

Petitioner appealed from the enhanced sentence and the public defender was appointed to represent petitioner on the appeal. The circuit court subsequently allowed the public defender to withdraw as petitioner's attorney on appeal and the appeal was thereafter dismissed on October 11, 1966, upon the motion of the state. Petitioner then requested this court to reinstate his appeal, which request was denied.

On January 8, 1968, petitioner filed in the circuit court for Marion county a petition for post-conviction relief on the ground that he had been denied the right to counsel on his appeal as guaranteed under Article I, Section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the Constitution of the United States.

■ The right to counsel on appeal was firmly established in the landmark case of *Douglas v. California,* 372 US 353, 83 S Ct 814, 9 L ed 2d 811 (1963). We considered at length the basis and scope of that right in *Shipman v. Gladden* and in *Welch v. Gladden* (April 30, 1969) and deem it unnecessary to repeat here what we said in those cases.

Enhanced sentences imposed under ORS 168.085 are by ORS 168.090 expressly made reviewable on appeal by this court. Although the appeal from the judgment imposing the enhanced sentence was a direct appeal, the right to counsel on appeal applies with equal force to state collateral proceedings, *Lane v. Brown,* 372 US 477, 83 S Ct 768, 9 L ed 2d 892, 897 (1963).

■ *Douglas v. California* was decided in 1963, more than three years before petitioner filed his notice of appeal from the enhanced sentence imposed in April 1966. Petitioner contends that he was deprived of his right to counsel when the public defender was permitted to withdraw as petitioner's attorney, resulting in the dismissal of the appeal. Petitioner relies on *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L ed 2d 493, 498 (1967), in which the Supreme Court condemned the practice of permitting appellate coun-

sel to withdraw on his mere representation that he could find "no merit" in the appeal. The court said:

> "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. * * *"

It was decided in *Anders* that a court may permit appellate counsel to withdraw only if (1) counsel advises the court that he finds the appeal wholly frivolous and requests permission to withdraw, and (2) accompanies his request with a brief referring to anything in the record that might arguably support the appeal, and (3) the defendant is served with a copy of the brief and allowed time to respond thereto, and (4) the court then finds, after full examination, that the case is wholly frivolous. In petitioner's case the court permitted counsel to withdraw without finding that the appeal was frivolous. In so doing the court deprived petitioner of his right to the assistance of counsel and to the equal protection and due process guaranteed by the Fourteenth Amendment.

The basic right involved in this case is the right to counsel on appeal established in *Douglas v. California*. The Supreme Court has repeatedly held that *Douglas* must be applied retroactively. See *Stovall v. Denno*, 388 US 293, 87 S Ct 1967, 18 L ed 2d 1199, 1204 (1967); *McConnell v. Rhay*, 393 US 2, 89 S Ct 32, 21 L ed 2d 2 (1968); and *Arsenault v. Massachu-*

*setts,* 393 US 5, 89 S Ct 35, 21 L ed 2d 5, 7 (1968). In *Arsenault v. Massachusetts* the court said:

"The right to counsel at the trial (Gideon v. Wainwright, 372 US 335, 9 L ed 2d 799, 83 S Ct 792, 93 ALR2d 733) on appeal (Douglas v. California, 372 US 353, 9 L ed 2d 811, 83 S Ct 814) and at the other 'critical' stages of the criminal proceedings (Hamilton v. Alabama, supra) have all been made retroactive, since the 'denial of the right must almost invariably deny a fair trial.' * * *"

Although the Supreme Court has not said expressly that *Anders* should operate retroactively, it has applied *Anders* retroactively in *Walker v. Wainwright,* 387 US 236, 87 S Ct 1708, 18 L ed 2d 747 (1967), a state collateral proceeding, 188 S2d 824 (1966), and in a number of cases pending on appeal when *Anders* was decided.[1]

It is not necessary to grant a delayed appeal as we authorized in *Shipman v. Gladden* and *Welch v. Gladden,* supra. It is only necessary to reinstate petitioner's appeal from the enhanced penalty. The order entered in this court on October 11, 1966, dismissing petitioner's appeal from his enhanced sentence is vacated and the appeal is reinstated. The public defender is reappointed to represent petitioner in that proceeding.

The judgment of the court below in this proceeding is reversed.

---

[1] Melvin Lewis Elliott v. Oregon, 387 US 571, 87 S Ct 2070, 18 L ed 2d 967 (1967); Walter Fox v. Oregon, 388 US 466, 87 S Ct 2129, 18 L ed 2d 1324 (1967); Camodeo v. United States, 387 US 575, 87 S Ct 2070, 18 L ed 2d 966 (1967) (a direct appeal from a federal conviction); Belcher v. Wisconsin, 387 US 241, 87 S Ct 1707, 18 L ed 2d 746 (1967); Barnett v. Nevada, 387 US 243, 87 S Ct 1708, 18 L ed 2d 747 (1967); Jack William Smith v. Arizona, 389 US 10, 88 S Ct 111, 19 L ed 2d 10 (1967).

DENECKE, J., specially concurring.

I concur solely upon the ground that in my opinion the United States Supreme Court in *Walker v. Wainwright,* 387 US 236, 87 S Ct 1708, 18 L Ed2d 747 (1967), necessarily decided that the state courts must apply *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed2d 493 (1967), retroactively.

O'CONNELL, J., dissenting.

I disagree with the majority's statement that "the basic right involved in this case is the right to counsel on appeal established in *Douglas v. California.*" I further disagree with the conclusion that *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L ed2d 493 (1967) should be applied retrospectively.[1]

*Douglas v. California,* 372 US 353, 83 S Ct 814, 9 L ed2d 811 (1963) held that an indigent defendant was entitled under the equal protection clause of the Fourteenth Amendment to have counsel appointed to prosecute his appeal and that a review of the record by the state appellate court for errors in the trial was not a substitute for the defendant's right of counsel.

In *Fox v. Oregon,* 388 US 466, 87 S Ct 2129, 18 L ed2d 1324 (1967) and *Elliott v. Oregon,* 387 US 571, 87 S Ct 2070, 18 L ed2d 967 (1967) it was held that even where counsel is appointed to represent the indigent defendant on appeal and counsel withdraws on the ground that he regards an appeal as frivolous the procedure does not satisfy necessary constitutional safeguards. It should be noted, however, that in *Fox v. Oregon* and *Elliott v. Oregon* the United States

---

[1] Petitioner's appeal from the enhanced sentence was dismissed by this court on October 11, 1966. Anders v. California, supra, was not decided until May 8, 1967. We are thus presented with the question whether *Anders* should be given retrospective effect.

Supreme Court vacated our earlier decisions in these cases on the basis of *Anders,* not upon the basis of *Douglas.* It is evident, therefore, that both the United States Supreme Court and the Supreme Court of Oregon have regarded *Anders* and not *Douglas* as controlling the issue raised in the present case.

Since *Anders* rather than *Douglas* is the basis of petitioner's claim, he is not entitled to relief unless *Anders* should be given retrospective effect. It is my opinion that it should not be given this effect.

We learn from *Linkletter v. Walker,* 381 US 618, 85 S Ct 1731, 14 L ed2d 601 (1965) that in determining whether a rule is to operate retrospectively the court is to "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." 381 US at 629. The fact that there is a likelihood of unreliability in the truth-determining process in itself is not enough to call for the retrospective application of a rule.[2]

As the Court explained in *Johnson v. New Jersey,* 384 US 719, 729, 86 S Ct 1772, 16 L ed2d 882 (1966), the question of whether retrospective application of a principle is to be made is "a question of probabilities" and the court "must take account, among other factors, of the extent to which other safeguards are available to protect the integrity of the truth-determining process at trial." If, after taking into account these other factors, it appears that the deprivation of the accused's right did not constitute a "clear danger of

---

[2] Although this was the test laid down in *Linkletter,* it was narrowed by Tehan v. United States ex rel Shott, 382 US 406, 86 S Ct 459, 15 L ed2d 453 (1966). See Traynor, Conflict of Laws in Time: The Sweep of New Rules in Criminal Law, 1967 Duke L J 713, 725-26.

convicting the innocent," the principle will not be given retrospective operation. *Tehan v. United States ex rel Shott,* 382 US 406, 416, 86 S Ct 459, 15 L ed2d 453 (1966).

The failure to provide the safeguard required by *Anders* does not constitute a "clear danger of convicting the innocent." In the circumstances under which *Anders* is applicable the accused has had the advice of counsel on appeal. Counsel's advice is to the effect that an appeal would be frivolous. If counsel withdraws at this point, the accused has lost only his counsel's skill in putting together in support of the appeal an argument which we may assume counsel has previously considered and rejected. The probability that such a contrived argument will be of such substance as to warrant a reversal of the judgment of conviction and an acquittal or a new trial is minimal. Certainly the failure to provide the accused with counsel's talent for imaginative legal argument does not constitute a "clear danger of convicting the innocent."

The danger in a case such as the present is even less clear than where the appeal is from the original conviction. An habitual criminal proceeding presents the narrow issue of whether the accused has a record of previous convictions. The probability of error in such proceedings is correspondingly narrowed. The likelihood that withdrawing counsel could conjure up an argument which would result in reversal is also correspondingly less.

The majority opinion cites several cases in which it claims that the Supreme Court applied *Anders* retrospectively. With one exception I interpret these cases to mean only that the principle announced in *Anders* is to be applied to cases which were pending on appeal

or could be directly appealed at the time *Anders* was decided. This was the status of all but one of the cases cited.

*Walker v. Wainwright,* 387 US 236, 87 S Ct 1708, 18 L ed2d 747 (1967), relied upon by the majority, presents a different problem. In that case the validity of a judgment was attacked through a petition for habeas corpus. The Court vacated the judgment and remanded the case to the state court "for further consideration in light of *Anders v. California.*" Thus it appears that *Anders* was applied retrospectively. However, the Court did not discuss the question of retrospectivity. I cannot bring myself to believe that the Court if presented with the question would hold that the rule in *Anders* is to be applied retrospectively. As I have explained above, the Supreme Court has taken the position that not all constitutional principles are to be applied retrospectively. Of all the constitutional principles which the Court has identified I can think of none that is less deserving of retrospective operation than the principle announced in *Anders.* I would, therefore, treat *Anders* as non-retrospective until and unless the Supreme Court expressly holds to the contrary.

The judgment of the trial court should be affirmed.

Perry, C. J., concurs in this dissent.