Kenneth WOODALL, #B-1-103228

v.

Gerald A. KELLER, Superintendent,
Maryland Correctional Institution,
Hagerstown, Maryland.

Civ. No. 71-950.

United States District Court,
D. Maryland.

Jan. 31, 1972.

Michael Millemann and Peter Smith, Baltimore, Md., for petitioner.

Francis B. Burch, Atty. Gen. for Maryland, Alfred J. O'Ferrall, III, and David H. Feldman, Asst. Attys. Gen. for Maryland, Baltimore, Md., for respondent.

## MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

On March 28, 1968, the Petitioner, Kenneth Woodall, then seventeen years of age, was sentenced in the Criminal Court of Baltimore City to six years imprisonment upon his plea of guilty to the charge of robbery with a deadly weapon.[1] Petitioner did not seek direct, nor has he sought collateral, review of his conviction, and he thus remains incarcerated in the Maryland Correctional Institution.

---

1. At the time of Petitioner's arrest for this offense he was sixteen years old. His date of birth is December 22, 1950.

At the time of his conviction, Petitioner, under the law, was an adult, the juvenile age limit in Baltimore at that time being sixteen. However, two years later, in the case of Long v. Robinson, Judge Watkins of this Court declared (316 F.Supp. 22, 30):

> ". . . the exemption of Baltimore City from the provision of Article 26, section 70–1(c) of the Maryland Code of Public General Laws defining a child as a person who has not reached his eighteenth birthday, and the provision of Article 4, section 240(b) of the Public Local Laws of Baltimore City, setting a juvenile age of sixteen years, are and each of them is, in contravention of the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States, and are invalid."

The Court based the ruling upon its conclusion that

> "Whatever may have been the original justification for the exclusion of sixteen and seventeen year olds arrested in Baltimore City from the scope of the Juvenile Court Act, the uncontroverted evidence is that such basis no longer exists. . . ."[2]

The Court held that its decision would apply to all cases not finally decided on May 15, 1969, the date of filing in that suit.[3] In setting that date, Judge Watkins stated that since the ". . . disruption resulting from this decision will inevitably be severe, . . . the court accordingly declines to make the decision retroactive beyond May 15, 1969." Long, supra, at 31. Although the implication of that statement would seem to preclude challenge by persons whose convictions had become final prior to May 15, 1969, the Fourth Circuit Court of Appeals dispelled that conclusion in an opinion which affirmed the judgment in Long, but declared the plaintiffs therein not to be proper class representatives for persons whose convictions had in fact become final before the effective date of Long.[4]

■ The instant petition for a writ of habeas corpus brings to this Court the precise retroactivity question the Court of Appeals left unanswered. Petitioner, whose case was finally decided on March 28, 1968, contends Long should apply to him. Since the identical issue has been recently resolved adversely to the Petitioner in the Maryland state courts, foreclosing his raising the retroactivity issue there, he properly brings the issue here. Evans v. Cunningham, 335 F.2d 491 (4th Cir. 1964); 28 U.S.C. § 2254(b). In this regard the Court notes the opinion in Greene v. State, 11 Md.App. 106, 273 A.2d 830 (1971), which accepted the reasoning in Long declaring the challenged statutes invalid and which expressly held Long's effective date of May 15, 1969, to be controlling in cases finally decided prior thereto. The selection of that date for the purpose of determining retroactivity under the holdings in Long and Greene v. State, supra, was approved by the Maryland Court of Appeals in Franklin v. State, Md., 285 A. 2d 616 (January 10, 1972).

The Court views the retroactivity question presented here to be a novel one in several respects. Because the result of a retroactive application, as urged herein, would suggest the release of many persons long since validly convicted of criminal offenses, the Court has found it informative to review those cases in which retroactivity was at issue and in which the convictions were alleged to be invalid due to constitutional defect. The Court has found that the Petitioner's case cannot be placed squarely within the guidelines of any applicable decision.

■■ The Court notes at the outset that a decision granting or denying ret-

---

2. Long v. Robinson, 316 F.Supp. at 28.

3. The court defined a case to be "finally decided" when the time for direct appeal had expired without appeal having been taken, or if direct appeal had been taken and decision rendered, the date on which certiorari was denied or on which the time to apply for certiorari expired without such an application having been made.

4. Long v. Robinson, 436 F.2d 1116, 1120 (4th Cir. 1971).

rospective effect to a judicial ruling is neither required nor prohibited by the Constitution. Linkletter v. Walker, 381 U.S. 618, 629, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364, 53 S.Ct. 145, 77 L.Ed. 360 (1932). Further, as to retroactivity there appears to be no distinction drawn between civil and criminal litigation. United States v. Schooner Peggy, 5 U.S. (1 Cr.) 103, 2 L.Ed. 49 (1801); Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L. Ed. 329 (1940); James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961).

The Supreme Court has generally held its decisions interpreting constitutional rights in the criminal procedure area to be retroactive whenever the new principle " . . . went to the fairness of the trial—the very integrity of the fact-finding process." Linkletter v. Walker, *supra*, 381 U.S. at 639, 85 S.Ct. at 1743. Upon this basis retroactive application was deemed appropriate in most cases involving denial of the right to counsel, Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (trial); Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) (arraignment); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (appeal); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) (preliminary hearing with features of arraignment); [5] Mempa v.

Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336 (1967) (revocation of probation and deferred sentencing proceedings); [6] Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1969) (preliminary hearing); [7] where the indigency of the accused was a factor involved in alleged infringement of constitutional rights, Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (free transcript for appeal); [8] where the fairness of the trial was vitiated by use of certain evidence, Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) (proscribing state's use of coerced confession), Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (proscribing admission of prejudicial statements of co-defendant in joint criminal trial),[9] Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968) (proscribing use of preliminary hearing testimony of absent witness unless state makes good faith effort to secure the witness's presence); [10] and where an accused was apt to be penalized for his assertion of a constitutional right, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) (holding double jeopardy prohibition of Fifth Amendment applicable to the states).[11] Conversely, the Court has rejected complete retroactive effect for its constitutional rulings on issues viewed not to have had a prejudicial impact on the fairness of the adjudicative process. *See* Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L. Ed.2d 1081 (1961) (rule proscribing

5. Held retroactive in Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed. 2d 5 (1968).

6. Held retroactive in McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968).

7. The Court in Adams v. Illinois, 401 U.S. 953, 91 S.Ct. 981, 28 L.Ed.2d 236 (1971), granted certiorari to resolve the issue of retroactivity presented by Coleman v. Alabama.

8. Held retroactive in Eskridge v. Washington State Board of Prison Terms, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958).

9. Held retroactive in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968); reh. denied 393 U.S. 899, 89 S.Ct. 73, 21 L.Ed.2d 191 (1968).

10. Held retroactive in Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969).

11. Held to be fully retroactive in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), by virtue of the decision in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

state's use of illegally seized evidence) ; [12] United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) (right to counsel at pre-trial lineup) ; [13] Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (comment on defendant's failure to testify violates privilege against self-incrimination), reh. denied 381 U.S. 957, 85 S.Ct. 1797, 14 L. Ed.2d 730 (1965) ; [14] Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L. Ed.2d 248 (1969) (prospective effect given ruling requiring police officials to comply with Fourth Amendment in their use of electronic surveillance devices) ; Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977 (1964) (requiring that an accused be advised of right to counsel and to remain silent before police interrogation) ; [15] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966) (holding, *inter alia*, that a person in custody must, prior to police interrogation, be clearly informed that he has the right to remain silent, and that anything he says "will" be used against him in court; he must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation; that if he indicates, prior to or during questioning, that he wishes to remain silent, the interrogation must cease; and that, if he is indigent, a lawyer will be appointed to represent him), [16] reh. denied California v. Stewart, 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966). The Court has also made plain its view that according a decision retroactive effect is not a value judgment elevating the constitu-

tional principle involved to a level above those not similarly treated.[17]

In discussing the approach to be employed in determining whether to apply a new constitutional decision retroactively, the Court has set out three primary criteria: 1) the purpose of the new rule; 2) the reliance placed upon the old rule; and 3) the effect of a retroactive application of the new rule upon the administration of justice. Linkletter v. Walker, *supra*, 381 U.S. at 636, 85 S.Ct. 1731, 14 L.Ed.2d 601. In weighing the issue now presented to this Court, both the Maryland Court of Special Appeals and the Maryland Court of Appeals considered the standards announced in *Linkletter* in deciding against retroactivity.

This Court, however, does not view Petitioner's claim to be of constitutional dimensions and therefore believes that the *Linkletter* criteria should also be examined in the light of the particular circumstances in which Petitioner's case arose.

It should be noted initially that Petitioner finds no defect, constitutional or otherwise, in the criminal proceeding which resulted in his conviction. In the absence of a contrary showing, this Court must assume Petitioner received the same constitutional protection afforded any other accused in an adult criminal proceeding. Because the constitutional integrity of the adjudicative process which convicted this Petitioner is not in issue, his case cannot be decided squarely upon

12. Held not retroactive in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

13. Held not retroactive in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

14. Held not retroactive in Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), reh. denied 383 U.S. 931, 86 S.Ct. 925, 15 L. Ed.2d 850 (1966).

15. *See* note 16, *infra*.

16. Both Escobedo v. Illinois and Miranda v. Arizona were held to be not retro-

active in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), reh. denied 385 U.S. 890, 87 S. Ct. 12, 17 L.Ed.2d 121 (1966).

17. "We here stress that the choice between retroactivity and nonretroactivity in no way turns on the value of the constitutional guarantee involved . . . [but takes] account, among other factors, of the extent to which other safeguards are available to protect the integrity of the truth-determining process at trial." Johnson v. New Jersey, supra, note 16, 384 U.S. at 728–729, 86 S.Ct. at 1778.

the rationale of *Linkletter* and the other cases espousing its doctrine.[18]

The Court views the nature of Petitioner's constitutional claim to be derivative. The Court believes the Petitioner does not now have, nor has he ever had, the constitutional right to be treated as a juvenile in the courts of Maryland. If Petitioner ever had any privilege in this regard, it derived exclusively from state statutory authority. No sixteen or seventeen year old had even the statutory right to be accorded juvenile treatment in Baltimore City until this Court declared the statutory exception excluding such individuals from Maryland's Juvenile Court Act to be a constitutionally invalid classification. Thus, Petitioner raises here a statutory claim of right which did not exist at the time of his conviction.

■ Notwithstanding the alleged value of the specialized post-adjudicative treatment a juvenile is supposed to receive,[19] the proceeding in which a juvenile's conduct is judged generally does not offer the full range of constitutional safeguards which must attend the various stages of an adult criminal proceeding. *See* In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Indeed, the disciplining of a juvenile upon a finding of delinquent conduct frequently involves a significantly greater loss of personal freedom than would accompany the conviction of an adult for a similar offense.[20] In view of these circumstances a sixteen or seventeen year old apprehended for a minor offense outside of Baltimore City, prior to the decision in Long v. Robinson, *supra*, could arguably have successfully asserted an equal protection claim, similar to the one in *Long*, in seeking the possibly less harsh commitment consequences and the constitutional protection to be received in an adult criminal court.

As has been indicated, the Court believes it should approach the retroactivity issue here from a broader view than merely applying the standards of the Linkletter v. Walker, *supra*, line of cases. In this regard the Court finds the language of Chicot County Drainage Dist. v. Baxter State Bank, *supra*, to be particularly relevant because a primary concern in that case was the retroactivity of a decision which invalidated a statute for its constitutional infirmity, but did not establish a new rule of constitutional interpretation. Speaking for the Court in that case, Chief Justice Hughes declared:

" . . . broad statements as to the effect of a determination of unconstitutionality must be taken with qualifications. The actual existence of a statute, prior to such a determination,

---

18. The court finds no merit in Petitioner's contention that Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) (right to impartial jurors in capital punishment case), reh. denied 393 U.S. 898, 89 S.Ct. 67, 21 L.Ed.2d 186 (1968), suggests full retroactive effect be given any decision involving a dispositional defect. Not only was the defect in that case held to be of constitutional magnitude, the language of that opinion clearly precludes the result urged by Petitioner here: "Nor does the decision in this case affect the validity of any sentence *other* than one of death. Nor . . . does today's holding render invalid the *conviction*, as opposed to the *sentence*, in this or any other case."

(emphasis in original). *Id.*, 391 U.S. at n. 21, 88 S.Ct. at 1777.

19. Challenges to the validity of juvenile custody have been sustained on the ground that no special treatment was in fact being received. *See* Creek v. Stone, 126 U.S.App.D.C. 329, 379 F.2d 106 (1967); Kautter v. Reid, 183 F.Supp. 352 (D.C.D.C.1960); White v. Reid, 125 F.Supp. 647 (D.C.D.C.1954).

20. In In re Gault, 387 U.S. 1, 29, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the Court noted that the offense which led to a six year commitment for Gerald Gault would have justified a maximum imprisonment of two months, or a fine of $5 to $50, if it had been committed by an adult.

is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects,—with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination." Id., 308 U.S. at 374, 60 S.Ct. at 318.

Upon this basis the Supreme Court has denied retroactive application where an equal protection violation clearly caused forfeiture of a constitutional right. Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969) (voting rights). Furthermore, the above quoted language is ". . . one of the underpinnings of Linkletter v. Walker." United States v. United States Coin & Currency, 401 U.S. 715, 743, 91 S.Ct. 1041, 1056, 28 L.Ed.2d 434 (1971) (White, J., dissenting).[21]

■ Because in the instant case the contention that a nonconstitutional claim of right has been unconstitutionally withheld is analogous, in terms of the consequences of the relief sought, to the argument that a newly developed rule of constitutional law should be retroactively applied, the Court deems it appropriate to follow relevant principles in both *Linkletter* and *Chicot* in resolving the retroactivity question. The Court does not believe that the decision in *Long, supra,* propounded a new rule of constitutional law. The purpose of that decision was to require that all juveniles similarly situated be afforded the equal protection of the juvenile court statutory scheme. The Court is unaware of any reason, after the opinion in *Long,* which would have prohibited the Maryland legislature from selecting the age of sixteen rather than that of eighteen for the purpose of defining juvenile court jurisdiction throughout the state. The courts and the legislature of Maryland were free to accept or reject this Court's ruling of invalidity,[22] but were persuaded to follow its reasoning.[23] The purpose of the ruling in *Long* has thus been satisfied since the unreasonable classification no longer exists.

■ The Court concludes that persons whose convictions were finally decided, as that term is defined in *Long* (*supra,* note 3), prior to May 15, 1969, cannot now benefit from the ruling declaring the Baltimore City exemption invalid. As the Maryland Court of Special Appeals noted:

". . . any further retroactivity would tend to affect persons who are either now adults or nearing adulthood. As to these persons who have been adversely affected by the denial of treatment as juveniles, the harm has already been done. They have been incarcerated with adults and denied

---

21. Mr. Justice White proceeded to comment that it was upon the foundation of Chicot and Linkletter that the Court ". . . fashioned rules to deal with the impact on pending and closed criminal cases of decisions that overruled prior decisions construing the various provisions of the Bill of Rights." 401 U.S. at 744, 91 S.Ct. at 1056.

22. *See* United States ex rel. Lawrence v. Woods, 432 F.2d 1072 (7th Cir. 1970).

23. The Baltimore juvenile exemption was excised by repeal of Public Local Laws of Baltimore City, Art. 4, Sec. 240, effective June 1, 1969.

the juvenile probation services at the time when those services would have been most effective." Greene v. State, *supra*, 11 Md.App. at 112, 273 A.2d at 834.

In adopting the finality date set out in *Long*, the Maryland Court of Special Appeals expressed its desire to minimize the administrative burden any further extension of retroactivity would produce.[24] Greene v. State, *supra*, 11 Md.App. at 111, 273 A.2d 830. Further, there had been no element of misconduct by police or public officials. Before declaration of its invalidity enforcement officials and the courts had the affirmative duty to comply with the provisions of the Baltimore City exemption. It was for them "an operative fact" which could not be ignored. The later ruling of invalidity cannot affect the fact that Petitioner was then confined for the commission of an anti-social act. He had already been convicted in a state proceeding having full jurisdiction to hear his case. *See* United States v. Williams, 341 U.S. 58, 66, 71 S.Ct. 595, 95 L.Ed. 747 (1951); N.L.R.B. v. Rockaway News Supply Co., Inc., 345 U.S. 71, 77–78, 73 S.Ct. 519, 97 L.Ed. 832 (1953). The Court finds no valid reason to disturb the status "of prior determinations deemed to have finality and acted upon accordingly." The Court is persuaded that whatever interest the State of Maryland might have in sentencing and confining any person convicted of a crime should apply with equal validity to the Petitioner herein.

Leave to proceed in forma pauperis has heretofore been granted.

It is, therefore, ordered for the reasons stated herein that:

1. The Petition of Kenneth Woodall for a Writ of Habeas Corpus be, and the same hereby is, denied.

---

24. In Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932), the Court rejected the argument that a state could not constitutionally refuse to make its ruling retroactive. Mr. Justice Cardozo

held: " . . . a state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward." *Id.*, 287 U.S. at 364, 53 S.Ct. at 148.