WALKER, Justice,
for the Court:
ON MOTION FOR LEAVE AUTHORIZING MARION COUNTY CIRCUIT COURT TO HEAR MOTION TO VACATE SENTENCE
Jimmy Wayne Harrell has filed a motion with this Court to authorize the Marion County Circuit Court to hear a motion to vacate a sentence imposed upon him. The reason given for the motion filed in the Circuit Court was that the statute under which he was indicted, tried and convicted, the so-called “fondling statute,” was later declared unconstitutional by this Court.
We affirmed Harrell’s conviction under Mississippi Code Annotated section 97-5-23 (1972), in Harrell v. State, 357 So.2d 643 (Miss.1978). We subsequently held that section 97-5-23, the “fondling statute,” was discriminatory in that it unconstitutionally denied equal protection of law to males because it did not apply to females as well. Tatro v. State, 372 So.2d 283 (Miss.1979).
Our decision in Tatro was occasioned by the United States Supreme Court’s new interpretation of the equal protection clause of the Constitution, reflected in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979); Califano v. Webster, 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977).
The questions presented are whether our decision in Tatro must or should be given retroactive effect. The answer is no in each instance.
There are statements in United States Supreme Court cases indicating that an unconstitutional law must be treated as having no effect whatsoever from the very date of its enactment. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Norton v. Shelby County, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178 (1886); Ex parte Siebold, 100 U.S. 371, 25 L.Ed. 717 (1880).[1] On the other hand, there are many statements which indicate the United States Supreme Court has clearly rejected any all-inclusive principle of retroactivity for court decisions declarative of a change in the law. Wainwright v. Stone, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360, 85 A.L.R. 254 (1932).[2]
*392 Retroactive effect has often been given to those decisions dealing with new constitutional rules of criminal procedure, especially those which substantially improve the accuracy of the fact-finding process at trial. See, e. g., Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969) [use at trial of absent witness’ preliminary hearing testimony is not justified unless state made a good-faith effort to secure the witness’ presence]; Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968) [right to counsel when arraigned at preliminary hearing]; McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 35, 21 L.Ed.2d 2 (1968) [right to counsel at hearing to revoke probation]; Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968) [admission at a joint trial of a defendant’s extrajudicial confession implicating codefendant violated codefendant’s right of cross-examination]; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) [right to counsel at trial]; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) [right to counsel on appeal].
But it is firmly settled that the United States Constitution does not require every new interpretation of the Bill of Rights to be retrospectively applied. See, e. g., Williams v. U. S., 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 308 (1971) [case narrowing the permissible scope of a search incident to arrest was inapplicable to searches conducted prior to that case]; Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) [exclusionary rule applied to states prospectively].
Neither has the common law ever attached complete retroactivity to the repeal of a criminal statute. The rule was that those whose convictions had been finally affirmed when repeal took place received no benefit from the new rule; but repeal of a statute abated pending prosecutions and required reversal of convictions still on appeal when the law was changed. United States v. Chambers, 291 U.S. 217, 54 S.Ct. 438, 78 L.Ed. 763 (1934)[3]; United States v. Tynen, 11 Wall. 88, 20 L.Ed. 153 (1871); Yeaton v. United States, 5 Cranch. 281, 3 L.Ed. 101 (1809). The courts have regularly enforced 1 U.S.C. § 109, the federal savings statute, which generally provides that the repeal of a statute does not extinguish a penalty incurred under the repealed statute unless the repealing Act so provides. The courts have never suggested that it is constitutionally infirm or even fundamentally unfair and frankly recognize that the government is free to maintain the integrity of the law by insisting that those who violate it suffer the consequences.
The posture of this case is not unlike that of Wainwright v. State, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973). There, in separate trials, two defendants were convicted of violating the Florida statute which proscribed “the abominable and detestable crime against nature, either with mankind or with beast.” Prior to the convictions the State Supreme Court had held the statue was not unconstitutionally vague. Delaney v. State, 190 So.2d 578 (Fla.1966), appeal dismissed, 387 U.S. 426, 87 S.Ct. 1710, 18 *393 L.Ed.2d 866 (1967). Subsequent to the convictions, however, the State Supreme Court ruled that the statute was void for vagueness, but expressly ruled that its decision was not retroactive. Franklin v. State, 257 So.2d 21 (Fla.1971). The United States Supreme Court, in a per curiam opinion expressing the unanimous views of the Court, held that the convictions were not improper on the grounds that the statute was unconstitutionally vague, since at the time of the convictions the highest court of the state had long held that the acts for which the defendants were convicted were covered by the statute, stating:
But this holding did not remove the fact that when appellees committed the acts with which they were charged, they were on clear notice that their conduct was criminal under the statute as then construed. (414 U.S. at 23, 94 S.Ct. at 193, 38 L.Ed.2d at 182).
The Court also held that the State Supreme Court was not “constitutionally compelled to make retroactive its new construction of the Florida statute,” citing Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360, 85 A.L.R. 254 (1932).
At the time Harrell committed the offense, and at the time of his conviction and appeal, section 97-5-23 was presumed to be a valid law, and a violation of the law was a crime. The existence of a statute, prior to a determination of its invalidity, is an operative fact and may have consequences which cannot be ignored. Having failed to raise the question, Harrell can now be in no better position than if he had raised the question unsuccessfully, in which case what was said in Sunburst, supra, would apply:
A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law nonetheless for intermediate transactions.
In Tatro we did not specify whether our decision was to be given retroactive effect or prospective effect only.
In deciding this question, we note that Tatro did not deal with conduct that constitutionally cannot be prohibited, such as freedom of the press, freedom of speech, etc. The acts prohibited by the “fondling" statute are detestable and are accorded no protection by law. Therefore, because of the nature of the acts constituting the crime of “fondling”, we now hold that Ta-tro shall be given prospective effect only.
For the above reasons, the motion of Jimmy Wayne Harrell to permit the Circuit Court of Marion County to hear his motion to vacate his sentence for the crime of “fondling” is overruled.
MOTION OVERRULED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.

. In Ex parte Siebold, Justice Bradley declared: “An unconstitutional law is void, and is as no law. An offense created by it is not a crime. A conviction of it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment. It is true, if no word of error lies, the judgment may be final, in the sense that there may be no means of reversing it. But personal liberty is of so great moment in the eye of the law that the judgment of an inferior court affecting it is not deemed so conclusive but that, as we have seen, the question of the court’s authority to try and imprison the party may be reviewed on habeas corpus by a superior court or judge having authority to award the writ.’’

. In Sunburst, the court rejected the claim that the Montana Supreme Court could not constitutionally refuse to make its ruling retroactive. Mr. Justice Cardozo held: “A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions. Indeed there are cases intimating, too broadly, that it must give them that effect; but never has doubt been expressed that it may so treat them if it pleases, whenever injustice or hardship will thereby be averted. On the other hand, it may hold to the ancient dogma that the law declared by its courts had a Platonic or ideal existence before the act of declaration, in which event the discredited declaration will be viewed as if it had never been, and the reconsidered declaration as law from the beginning.
The alternative is the same whether the subject of the new decision is common law or statute. The choice for any state may be determined by the juristic philosophy of the judges of her courts, their conceptions of law, its origin and nature. 287 U.S. 358 at 364-365, 53 S.Ct. at 148, 77 L.Ed. 360 at 366, 367 (citations omitted, footnotes omitted, emphasis in original).”
In Chicot County Drainage District, the Court was faced with the question whether retroactive effect should be accorded an earlier decision declaring a Federal statute unconstitutional. Referring expressly to Norton, supra, Chief Justice Hughes stated that the broad language in that opinion “must be taken with qualifications.” As he asserted: “The actual existence of a statute, prior to [a determination *392 of unconstitutionality] is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects, — with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination. These questions are among the most difficult of those which have engaged the attention of courts, state and federal, and it is manifest from numerous decisions that an all-inclusive statement of a principle of absolute retroactive invalidity cannot be justified.” 308 U.S. at 374, 60 S.Ct. at 318, 84 L.Ed. at 332-333.

. In Chambers, the court was faced with the question of what effect the repeal of the Eighteenth Amendment would have on criminal prosecutions. In an opinion by Chief Justice Hughes, the Court applied the common-law rule of Tynen and Yeaton and held that pending prosecutions would be abated. However, defendants whose convictions had become final before the Twenty-First Amendment was ratified had to serve their sentence.