Argued and submitted July 17, 1992, reversed and remanded for an order allowing delayed appeal and appointment of counsel; otherwise affirmed April 21, 1993

# ARTHUR CLAWSON,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(86-C-11462; CA A71601)

850 P2d 398

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Roy Berg, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Petitioner appeals a judgment dismissing his petition for post-conviction relief. In it he alleged that he was denied adequate assistance of trial counsel and of appellate counsel. The relief he sought was a new trial or a new appeal. The post-conviction trial court denied relief on both claims. We conclude that petitioner was denied adequate assistance of appellate counsel and reverse the denial of that claim for relief.

In 1966, petitioner was convicted of robbery. He was represented by appointed counsel during trial. He appealed, and different counsel was appointed to represent him on the appeal. His appellate counsel filed an affidavit, which stated:

> "I am the attorney for the defendant herein; that I have secured the transcript of defendant's trial, have read and reviewed the same, and have researched the law in regard to legal contentions which might possibly be raised upon appeal; that I am of the opinion that there is no prejudicial error in the record herein, and therefore the defendant has no meritorious grounds for appeal."

The appeal was dismissed at counsel's instigation. No brief was filed, petitioner was not consulted about the appeal and he did not authorize its dismissal.

Petitioner filed his petition for post-conviction relief in 1988.[1] He alleged that his trial counsel had failed, in a number of respects, to adequately represent him. The post-conviction trial court made extensive findings and concluded that petitioner had received constitutionally adequate representation at trial. Petitioner challenges that conclusion in his first assignment of error. The court's findings are supported by the evidence and we agree with the court's conclusion that petitioner received adequate assistance of counsel at his trial.

In his second claim for relief, petitioner contended that his appellate counsel failed to adequately prosecute his appeal and, therefore, did not raise several specific issues on

---

[1] Because his petition was filed before the effective date of the time limitation in ORS 138.510(2), it was timely. *Boone v. Wright*, 314 Or 135, 836 P2d 727 (1992).

appeal. The court ruled that appellate counsel properly terminated the appeal because none of the issues that could have been raised had any merit and there was no prejudice.

The second assignment of error contains two contentions: first, that the procedure utilized by appellate counsel did not satisfy the constitutional standards of *Anders v. California*, 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967), or *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991); second, that counsel and the post-conviction court were incorrect in their conclusions that there were no meritorious issues for appeal. We address only the first contention.

In *Anders*, the defendant's appointed appellate counsel wrote a letter to the state appellate court stating that there were no meritorious issues for appeal. He was allowed to withdraw. When the defendant's request for appointment of another attorney was denied, he filed a brief *pro se*. The United States Supreme Court concluded that counsel's filing of the "no-merit" letter and withdrawing from representation did not satisfy the defendant's Due Process and Equal Protection rights under the Fourteenth Amendment. It said:

> "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after full examination of all the proceedings, to decide whether the case is wholly frivolous." 386 US at 744. (Footnote omitted.)

Here, appellate counsel did not file a brief as described in *Anders* or communicate his conclusions to petitioner. The impact of the "no-merit" letter that counsel in *Anders* filed was that he was allowed to withdraw and the

defendant was left to represent himself and did file a brief. Here, not only did counsel's no-merit affidavit leave petitioner unrepresented, it terminated his appeal without his knowledge or consent. Petitioner was simply not represented on appeal and his Due Process and Equal Protection rights under the Fourteenth Amendment were violated.

■     The state first argues that, because *Anders* was decided after petitioner's appeal had been dismissed, it is not the applicable standard.[2] The state is wrong. The basic right to counsel on appeal had been decided in 1963 in *Douglas v. California*, 372 US 353, 83 S Ct 814, 9 L Ed 2d 811 (1963). In *Holbert v. Gladden*, 253 Or 435, 455 P2d 45 (1969), the Oregon Supreme Court held that the *Anders'* description of the requirements of appellate representation applied retroactively to appeals terminated before it was decided in 1967. *See also Walker v. Wainwright*, 387 US 236, 87 S Ct 1708, 18 L Ed 2d 747 (1967).

■     The state next argues that, even if appellate counsel's representation was insufficient under *Anders*, petitioner must still prove that he was prejudiced in order to get postconviction relief in the form of a new appeal. It cites *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P2d 1193 (1990), and *Guinn v. Cupp*, 304 Or 488, 747 P2d 984 (1987), and the trial court's findings that the potential issues petitioner raises now would have had no merit on appeal. In *Guinn*, the court said:

> "A plaintiff seeking post-conviction relief stemming from a claim of inadequate assistance of appellate counsel *for failing to assert a claimed error* must establish * * * that had the claim of error been raised, it is more probable than not that the result would have been different." 304 Or at 496. (Emphasis supplied.)

However, in *Penson v. Ohio*, 488 US 75, 109 S Ct 346, 102 L Ed 2d 300 (1988), the Court distinguished the *Anders* mode of inadequate assistance of counsel from that in which counsel fails to press a particular issue on appeal. Unlike the latter situation, a dismissal of the appeal without following the dictates of *Anders* leaves petitioner without any advocate.

---

[2] The procedures of *State v. Balfour, supra*, do not apply to appeals filed before that case was decided. However, it would apply to petitioner's new appeal.

The Court in *Penson* held that, if appellate counsel did not substantially comply with the procedures set out in *Anders*, a post-conviction petitioner was entitled to relief without establishing prejudice. The Court said:

"Finding harmless error or a lack of *Strickland [v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984),] prejudice in cases such as this, however, would leave indigent criminal appellants without any of the protections afforded by *Anders*." 488 US at 86.

The protection afforded by *Anders* is responsible advocacy, even for an assertedly meritless appeal.

Because we conclude that petitioner's original appeal was terminated in violation of his federal constitutional rights, he is entitled to a delayed appeal, *Shipman v. Gladden*, 253 Or 192, 453 P2d 921 (1969), and appointed counsel.

Reversed and remanded for an order allowing delayed appeal and appointment of counsel; otherwise affirmed.