Argued and submitted July 17, reversed and remanded with instructions in part; vacated in part; otherwise affirmed August 29, 2001

# GREGORY GRANLUND,
*Appellant,*

*v.*

# Robert O. LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

99-02-30302M; A110783

30 P3d 1227

Bob Pangburn and Rebecca Neal-Richardson filed the briefs for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler, Judge, and Van Hoomissen, Senior Judge.

PER CURIAM

**PER CURIAM**

Petitioner appeals the trial court's judgment denying his claims for post-conviction relief and ordering him to pay the cost of his court-appointed attorney. The state concedes that petitioner's counsel provided constitutionally inadequate representation by failing to refer the case to the State Public Defender's office in time for it to file a notice of appeal. We therefore reverse the judgment and instruct the trial court to grant post-conviction relief in the form of a delayed appeal. *See Cross v. Maass*, 127 Or App 554, 873 P2d 436 (1994).

We have considered petitioner's other assignments of error, and, except for the one concerning attorney fees, we reject them without discussion. Petitioner did not need to bring this case until after the resolution of the delayed appeal, ORS 138.510(3)(b), but he in fact did so. We have previously decided a petitioner's nonappellate post-conviction claims when we ordered a delayed appeal. For reasons of judicial economy we follow that procedure in this case. *See Clawson v. Maass*, 119 Or App 287, 850 P2d 398 (1993).

A trial court has discretionary authority to require repayment of court-appointed attorney fees. ORS 151.505. In light of our conclusion that petitioner is entitled to post-conviction relief, we vacate the trial court's award in this case. That court may again exercise its discretion in that regard when it enters judgment on remand.

Reversed and remanded with instructions to enter post-conviction relief in the form of a delayed appeal; award of attorney fees vacated; otherwise affirmed.