**Paul WILLIAMS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 80–3249.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 1981.

Decided July 20, 1981.

---

David S. Teske, Portland, Or., for petitioner.

Jack Wong, Asst. U. S. Atty., Portland, Or., for respondent.

Before GOODWIN and SCHROEDER, Circuit Judges and PALMIERI *, District Judge.

SCHROEDER, Circuit Judge:

This is an appeal from the district court's denial of a 28 U.S.C. § 2255 petition seeking to invalidate an enhanced sentence imposed pursuant to 21 U.S.C. § 841(b)(1)(A). 487 F.Supp. 927. Section 841(b)(1)(A) provides for enhanced sentencing of recidivist narcotics offenders and states, "If any person commits [a federal drug law] violation after one or more prior [federal drug law] convictions ... have become final, such person shall be sentenced to [an enhanced] term of imprisonment of not more than 30 years, a fine of not more than $50,000, or both."

Petitioner argues that the conviction used for enhancement in his case was not "final" within the meaning of that section because the United States Supreme Court, at the time of the challenged sentencing, had not yet denied a petition for a writ of certiorari to review the underlying prior conviction.[1]

The parties agree that if the prior conviction was still subject to direct review, the conviction was not final for purposes of enhanced sentencing under section 841(b)(1), and that the enhanced portion of the sentence has to be vacated. That is the square holding of *United States v. Allen*, 566 F.2d 1193, 1195 (3rd Cir. 1977), *cert. denied*, 435 U.S. 926, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978): "[A] prior conviction is not final for purposes of recidivist sentencing while that conviction is subject to direct appellate review." No other reported decisions interpreting the "finality" requirement of section 841(b)(1) are cited by the parties. The government contends, however, that "direct" review in this context should be limited to appeals as of right. The petitioner argues that direct review should include certiorari which, although discretionary, is still direct as opposed to collateral review. *See Nemec v. United States*, 184 F.2d 355 (9th Cir. 1950).

As the Third Circuit noted in *Allen*, there is scant legislative background for the 1970 amendment which introduced the language that a conviction must be "final." Prior to the amendment, the statute provided only that the defendant have "previously been convicted." Section 7237 of the Internal Revenue Code of 1954, formerly codified at 26 U.S.C. § 7237 (current version at 21 U.S.C. § 841(b)(1)). Enhanced sentences were thus imposed after conviction by a trial court, but before review by higher courts was completed. This necessitated resentencing if the conviction was subsequently reversed, as is demonstrated by *Rogers v. United States*, 325 F.2d 485 (10th Cir. 1963), *vacated and remanded for resentencing*, 378 U.S. 549, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1964), involving a prior conviction eventually remanded by the Supreme Court. *See Ferguson v. United*

* Honorable Edmund L. Palmieri, Senior United States District Judge for the District of Southern New York, sitting by designation.

1. Petitioner was first convicted, also under 21 U.S.C. § 841, in 1971, and he was sentenced for that offense in March 1972. He was tried on the second narcotics offense in September 1972, while his appeal on the first offense was still pending. This Court affirmed the first conviction in October 1972, *United States v. Williams*, 468 F.2d 251 (9th Cir. 1972). In December 1972, while the first conviction was pending certiorari review, petitioner was given the enhanced sentence for the second conviction. Certiorari was subsequently denied in February 1973. *Williams v. United States*, 410 U.S. 956, 93 S.Ct. 1426, 35 L.Ed.2d 689 (1973).

*States*, 307 F.2d 787 (10th Cir. 1962), *vacated*, 375 U.S. 962, 84 S.Ct. 479, 11 L.Ed.2d 413 (1964). As the *Allen* Court pointed out, *Rogers* in all probability illustrates the problem Congress was addressing in the amendment. *United States v. Allen*, 566 F.2d at 1195.

The government factually distinguishes the *Allen* decision on the ground that the prior conviction in that case was pending on appeal rather than certiorari. The reasoning of the *Allen* opinion, however, and the authorities on which it relies support no such distinction.

The government argues that it is unwise to permit delay in the use of convictions which will so seldom be reversed. An examination of procedures for imposing an enhanced sentence, however, reflects that the delay occasioned by exhaustion of appellate remedies is intended to be offset by the certainty of the enhanced sentence once it is properly imposed. Thus an enhanced sentence is not to be challenged by means of any subsequent direct or collateral attack on the underlying prior conviction. To insure that result, the statutory framework provides not only that the conviction shall have become final, 21 U.S.C. § 841(b)(1)(A), but that the defendant shall be given an opportunity to bring constitutional attacks on the prior conviction before sentencing, 21 U.S.C. § 851(c)(2), and that he shall be warned that no subsequent attacks on the conviction can affect the sentencing. 21 U.S.C. § 851(b).

Under this sentencing procedure, if a conviction pending certiorari review were to be "final" for purposes of recidivist sentencing, an anomalous result would occur. The defendant, desirous of exercising any remaining challenges to the prior conviction and the sentencing, would be encouraged to institute a collateral attack while the prior conviction is still pending certiorari in the Supreme Court. If he does not, he may be forever precluded from pursuing the challenges available under Fed.R.Crim.Proc. 35

and 28 U.S.C. § 2255. *See United States v. Garrett*, 565 F.2d 1065, 1072 (9th Cir. 1977), *cert. denied*, 435 U.S. 974, 98 S.Ct. 1620, 56 L.Ed.2d 67 (1978) (section 851(b) compliance necessary because statute forecloses attack on validity of prior conviction for enhancement purposes); *United States v. Cevallos*, 538 F.2d 1122, 1128 (5th Cir. 1976) (failure to comply with section 851(b) harmful because defendant thereafter barred from challenging prior conviction).

Our courts have long held that in the interest of orderly administration of justice, collateral challenges pursuant to section 2255 or Fed.R.Crim.Proc. 35 should not be permitted until the expiration of all direct review, including certiorari. *Nemec v. United States*, 184 F.2d 355 (9th Cir. 1950); *see also United States v. Burns*, 446 F.2d 896 (9th Cir. 1971); *United States v. Kobey*, 109 F.Supp. 687 (S.D.Cal.), *aff'd* 208 F.2d 583 (9th Cir. 1953).

These authorities stand for the proposition that direct review includes certiorari and, until all direct review is exhausted, a conviction is generally not open to collateral attack. Under section 851, however, all attacks to the prior conviction should be made before the enhanced sentencing. As the Third Circuit observed in *Allen*, if enhancement were permitted while the conviction is still pending review in another court,

> we would introduce the possibility that the second sentencing court—and the court of appeals reviewing its judgment—could pass on legal issues pending in another appellate tribunal. This, in turn, would make possible conflicting results, with all their attendant complications and embarrassments. Certainly, Congress never intended such a construction.

*United States v. Allen*, 566 F.2d at 1196.

The petitioner's position is thus supported by our examination of the statutory framework of the sentencing procedures under sections 841 and 851.[2] We hold that the

---

**2.** In a deportation case, this Court has recently held that a conviction becomes "final" for purposes of deportation at the expiration of an appeal as of right. *Morales-Alvarado v. INS*, 655 F.2d 172 at 175 (9th Cir. 1981).

conviction in this case was not final and should not have been used for enhancement purposes.

The judgment of sentence is vacated and the matter is remanded to the district court for resentencing within the range permitted without regard to the prior conviction.

Presumably if the conviction is subsequently reversed the deportation may be reopened. In the context of these criminal sentencing statutes, however, such a result would conflict with the congressional intent to avoid subsequent reconsideration of enhanced sentences. *See* 21 U.S.C. §§ 841 & 851(b).