**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Celso GUZMAN–COLORES, aka Remijiro Lopez–Lopez, Defendant–Appellant.**

**No. 90–30212.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1991.

Decided March 13, 1992.

---

Marsha L. McDonough and Gareld Joel Gedrose, Portland, Or., for defendant-appellant.

J. Richard Scruggs, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before: TANG, O'SCANNLAIN and RYMER, Circuit Judges.

RYMER, Circuit Judge:

This appeal requires us to decide whether a prior state conviction for which the time to appeal has expired, but which is the subject of collateral review, is final for purposes of federal sentencing enhancement under 21 U.S.C. § 841(b)(1)(B).[1]

Celso Guzman–Colores, who goes by the name of Remijiro Lopez–Lopez ("Lopez"), appeals from the sentence imposed by the district court after he pleaded guilty to possession of more than 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. Lopez argues that the district court erred in finding that his prior state convictions were valid and final. In particular, he contends that his state petition for post-conviction relief, alleging that ineffective counsel failed to file a notice of appeal, should stay finality of his convictions under § 841. Lopez contends that, otherwise, he will have been denied appellate review, and that unless the federal court defers its enhancement decision until a decision is rendered on his state post-conviction petition, he will be deprived of his rights to due process and equal protection.

We hold that Lopez's prior convictions became final once the time for direct review passed. We decline to extend *Williams v. United States*, 651 F.2d 648, 650–51 (9th Cir.1981), which held that a conviction was not final while a petition for a writ of certiorari was pending, to collateral petitions for post-conviction relief. Once a prior conviction is final within the meaning of *Williams*, it may serve as the basis for enhancement even though the conviction is being challenged by way of a

---

1. 21 U.S.C. § 841(b)(1)(B) provides for enhanced sentencing of recidivist narcotics offenders and states in relevant part:

 If any person commits [a violation under this section] after one or more prior convictions for an offense punishable under th[e] ... law of a State, the United States, or a foreign country relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years ....

petition for post-conviction relief. Under these circumstances, a defendant who wishes to attack collaterally the underlying conviction must do so in the sentencing court under 21 U.S.C. § 851(c)(2). Because § 851 affords this opportunity, no defendant, including a defendant such as Lopez who failed to appeal the prior conviction but who attributes that failure to ineffective counsel, is deprived of his right to due process.

The district court correctly found that Lopez's prior convictions were final for purposes of enhancement, and we affirm.

## I

On August 10, 1989, Lopez was convicted in Oregon state court on three counts of delivery of a controlled substance (cocaine). His court-appointed counsel did not appeal those convictions within the period permitted by applicable Oregon law. *See* Or.Rev. Stat. § 138.071(1) (30–day period for appeal); Or.Rev.Stat. § 138.071(4)(c) (90–day period for requesting leave to file appeal).

On November 28, 1989, Lopez and a co-defendant were arrested and subsequently indicted by a federal grand jury on charges of possession of cocaine with intent to distribute. The government filed an information giving notice of its intent to rely on the prior state convictions for an enhanced sentence under 21 U.S.C. § 841(b)(1)(B); Lopez responded by asserting that these convictions were not yet final. Lopez pleaded guilty pursuant to a plea agreement acknowledging that the government would seek enhancement on account of the August 1989 convictions.

The sentencing hearing was originally set for April 30, 1990, but was continued to June 7, 1990. On June 6, Lopez filed a petition for post-conviction relief in Oregon state court, alleging that he was denied effective assistance of counsel because of various failures, including the failure to file an appeal or advise Lopez of his right to appeal. Relying on our opinion in *Williams*, Lopez argued in the district

court that he should be given every opportunity to bring constitutional attacks against the prior convictions before sentencing, including the opportunity to seek post-conviction relief. He urged that but for counsel's failure to file the notice of appeal, the prior convictions would not have been final and could not have been used to enhance his sentence. The district court found that the judgment was final because, no matter the reason, no appeal was pending at the time of enhancement.

## II

The district court ruled as a matter of law that the petition for post-conviction relief did not affect the finality of the prior convictions. Our review, therefore, is de novo. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

Even though he did not appeal his prior state convictions, Lopez argues that these convictions are not final within the meaning of § 841(b)(1)(B) because the state courts have not acted on his petition for post-conviction relief. He contends that he was denied the opportunity and means to perfect his appeal within the time allowed because he was unaware of his rights due to ineffective assistance of counsel. Given this allegedly ineffective assistance, Lopez argues that his only recourse was to file for post-conviction relief. As a result, Lopez claims he was precluded from mounting the kind of constitutional attack on his prior convictions that *Williams* contemplates will have been made before finality attaches.[2] Because *Williams* held that a conviction is not final for purposes of enhancement until direct review, including certiorari, has been completed, Lopez asserts that his convictions are not final until he has had a chance at the appellate review he was denied because of the ineffective assistance of counsel.

---

**2.** Lopez also looks to *Doyle v. United States*, 721 F.2d 1195, 1198 (9th Cir.1983), where this court held that the defendant was wrongfully denied

his right to an appeal when counsel, against the wishes of the defendant, did not file an opening brief.

In *Williams,* we held that direct review extends to certiorari, and that a prior conviction is not final until certiorari review is complete. 651 F.2d at 650–51. *Williams* involved an appeal from the district court's denial of a 28 U.S.C. § 2255 petition seeking to invalidate an enhanced sentence because the United States Supreme Court had not yet acted on a petition for a writ of certiorari. The parties agreed that if the prior conviction were still subject to "direct review," it was not final for enhanced sentencing purposes under § 841(b)(1), and the enhanced portion of the sentence would have to be vacated. *Id.* at 649. We noted that Congress, by amending § 841 to provide that underlying convictions must be "final," had most likely sought to eliminate the need for resentencing should the underlying conviction subsequently be reversed. *Id.* at 649–50 (citing *United States v. Allen,* 566 F.2d 1193, 1195 (3d Cir.1977), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978)).

We also noted that the statutory framework mandates that the defendant be given the opportunity to bring constitutional attacks on the prior conviction before sentencing, 21 U.S.C. § 851(c)(2), or, if the defendant fails to take advantage of this opportunity, be foreclosed from doing so later, 21 U.S.C. § 851(b). *Id.* at 650. Against that backdrop we held that direct review includes certiorari. Otherwise, a defendant facing enhancement while his petition for certiorari was pending would have to raise collateral challenges to the prior conviction while his petition for certiorari was still pending, or else be barred by § 851(b) from challenging the prior conviction in the future. *Id.* This would give rise to a catch–22 for defendants and for the courts. Collateral challenges are generally not permitted until direct review, including certiorari, has been exhausted. Yet if this rule were relaxed to allow collateral challenges under § 851 while direct review was pending, the possibility would arise of conflicting determinations by different courts reviewing the same prior conviction—one on direct appeal from the conviction itself (including review in the Supreme Court on certiorari), and the other

on sentencing for the later conviction, or on appeal from an enhanced sentence.

Lopez's argument fails because once the prior conviction is final, a defendant has the opportunity to make the same collateral attack in the sentencing court as Lopez made in his petition for post-conviction relief in state court. Section 851(c)(1) provides that if a defendant "claims that any conviction alleged [in the information] is invalid, he shall file a written response to the information." Section 851(c)(2) further provides that "[a] person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information." Thus, § 851 allows a defendant to challenge collaterally a prior conviction on the merits before the sentencing court. This Lopez failed to do: his response raised the issue of finality of his prior convictions, but did not raise the issue of invalidity on account of the alleged violation of his Sixth and Fourteenth Amendment rights.

By arguing that his prior convictions are not final until Oregon determines whether he should be granted appellate review, Lopez fails to grasp the thrust of our opinion in *Williams.* In *Williams,* we did not indicate that appellate review *must* take place, as Lopez suggests; rather, we held that while direct review is actually in progress, a defendant could not appropriately challenge the same conviction collaterally, as he would be obliged to do to avoid enhancement. Thus, our concern in *Williams* was that the defendant be given the opportunity to make a challenge on the merits under § 851, a challenge that is simply inappropriate while direct review is still pending. The conundrum resolved by *Williams* is not present in this case, however, for once Lopez's time for appeal expired, he was free to challenge his prior convictions in the district court under the framework of § 851. We therefore hold that Lopez's prior convictions became final within the meaning of § 841 when the time to appeal those convictions expired.

The compelling interest in orderly judicial administration would be significantly impaired were we to hold otherwise. The marginal gains in accuracy that might result from delaying imposition of an enhanced sentence pending the outcome of post-conviction proceedings would not justify the anticipated disruptions in sentencing procedures, as well as the incentives to file frivolous post-conviction petitions, that extension of *Williams* would create. Judicial economy, therefore, requires that this court retain the line drawn by *Williams*.[3]

### III

 The redress allowed by § 851 also answers Lopez's argument that the enhancement of his sentence violated his due process rights. The statute expressly provides criminal defendants with an avenue to challenge the constitutional validity of prior convictions on the merits before the sentencing court. *Cf. United States v. Garrett*, 565 F.2d 1065, 1072 (9th Cir.1977), *cert. denied*, 435 U.S. 974, 98 S.Ct. 1620, 56 L.Ed.2d 67 (1978) ("[T]he statute forecloses collateral attack on the validity of ... priors for enhancement purposes if the defendant has been given the appropriate opportunity to challenge them under this statutory scheme."). This opportunity is sufficient to satisfy due process concerns.

Accordingly, we hold that a prior state conviction for which the time to appeal has expired, but which is the subject of collateral review, is final for purposes of federal sentencing enhancement under § 841(b)(1)(B).

AFFIRMED.

TANG, Circuit Judge, concurring:

I concur wholeheartedly in the majority's opinion. I write separately only to empha-

size that nothing in this opinion diminishes the right of a federal defendant to challenge his sentence by means of a 28 U.S.C. § 2255 petition if the conviction forming the predicate for enhancement is subsequently reversed or vacated in a collateral proceeding, as long as that collateral proceeding was commenced prior to the date the federal sentence was imposed. *Cf. Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988).

---

**3.** We also note that no court of appeals has gone so far as to hold that a post-conviction proceeding in another court stays finality of prior convictions under § 841. *See United States v. Hughes*, 924 F.2d 1354, 1359 (6th Cir.1991) (prior conviction final because time for seeking appellate review had passed); *United States v. Morales*, 854 F.2d 65, 68–69 (5th Cir.1988) (§ 841 finality language applies to "a conviction which is no longer subject to examination on direct appeal, including an application for certiorari to the United States Supreme Court, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review."); *United States v. Lippner*, 676 F.2d 456, 467 (11th Cir.1982) (conviction not final for purposes of § 841 "until all avenues of direct attack have been exhausted").