UNITED STATES of America, Plaintiff,

v.

Arthur M. CLAWSON, Defendant.

No. CV 93–1171–PA.

No. CR 86–11–PA.

United States District Court,
D. Oregon.

Jan. 11, 1994.

As Amended March 16, 1994.

Steven T. Wax, Federal Public Defender, Portland, OR, for defendant-petitioner.

Jack C. Wong, U.S. Atty., D. Oregon, Frank Noonan, Asst. U.S. Atty., Portland, OR, for U.S.

OPINION

PANNER, District Judge.

Petitioner Arthur Clawson brings this action under 28 U.S.C. § 2255 to set aside the 25–year sentence (without parole) I imposed upon him for being an ex-felon in possession of a gun. The sentence was imposed pursuant to a statute (since repealed) that decreed mandatory minimum sentences for any person found in possession of a gun "who has three previous convictions" for robbery or burglary. 18 U.S.C.App. 1202(a) (1982 Supp. III). Without the sentence enhancement, the maximum penalty for this offense is two years in prison. *Id.*

Petitioner had three prior convictions, including a 1966 robbery conviction. Petitioner argued at sentencing that the 1966 robbery conviction was invalid because, among

other things, petitioner's counsel abandoned the direct appeal without filing an *Anders*[1] brief. I rejected petitioner's contentions, and the Ninth Circuit affirmed. *United States v. Clawson*, 831 F.2d 909 (9th Cir. 1987), *cert. denied*, 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 323 (1988).

Petitioner continued to litigate the validity of his 1966 conviction in state court. In April 1993, the Oregon Court of Appeals reinstated petitioner's direct appeal on grounds petitioner's attorney erred by abandoning the original appeal without filing an *Anders* brief or even obtaining petitioner's consent to terminate the appeal.[2] *Clawson v. Maass*, 119 Or.App. 287, 850 P.2d 398 (1993). The Oregon court did not decide whether petitioner's direct appeal had merit, but only that petitioner will be allowed to pursue that direct appeal to its conclusion. *Id.* at 292, 850 P.2d 398.

Petitioner then filed this petition seeking to set aside his career offender sentence. Petitioner asserts two arguments. First, he contends that his 25–year sentence was invalid because one of the three predicate convictions was "unconstitutionally obtained". However, the Oregon court did not say the *conviction* was unconstitutionally obtained. The conviction still stands. Rather, the court merely reinstated his right to appeal that conviction. Unless and until that appeal is successful, I cannot say the conviction was "unconstitutionally obtained".

The second argument is more troubling. Although petitioner's conviction still stands, it is no longer a "final" conviction, since a direct appeal is still pending. *See United States v. Guzman–Colores*, 959 F.2d 132 (9th Cir.1992); *United States v. Allen*, 566 F.2d 1193 (3d Cir.1977), *cert. denied*, 435 U.S. 926, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978). *See also Williams v. United States*, 651 F.2d 648, 650–51 (9th Cir.1981) (conviction is not considered "final" if petition for certiorari is pending). Petitioner asserts that only "final" convictions may be used as predicate convictions under this Act. If petitioner's 1966

conviction was not a valid predicate conviction, then there were only two predicate convictions, the career offender sentence is invalid, and petitioner is entitled to be freed immediately since he has already served the maximum sentence that could otherwise be imposed.

Beginning around 1970, Congress amended some statutes similar to § 1202(a) to add an express requirement that the predicate conviction be "final". *Allen*, 566 F.2d at 1195. Congress was apparently responding to instances where predicate convictions were later reversed on direct appeal. *Id.* Section 1202(a) was not one of those amended, and the parties agree there is no other source for an express finality requirement. Petitioner nonetheless asks that the term "conviction" be construed to mean a final conviction. There are two potential bases for such a requirement: reliability and comity.

1. *Reliability:*

Petitioner argues that the Due Process Clause requires that sentences be predicated upon reliable information. That is probably the basis for the Ninth Circuit's recent decision in *United States v. Vea–Gonzalez*, 999 F.2d 1326 (9th Cir.1993), which held that a defendant has a constitutional right to collaterally attack prior convictions that are being used to enhance his sentence. Petitioner contends there is a danger of unreliability in using a conviction for enhancement purposes while that conviction is awaiting direct appeal.

The government cites *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), for the proposition that finality is not required because the federal gun laws "focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons." *Id.* at 67, 100 S.Ct. at 921. However, the issue in *Lewis* was whether Congress could proscribe certain *conduct*. It was a criminal statute that was at issue there, not a sentence enhancement. *Id.* at

---

1. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. Ironically, the federal court relied upon Oregon law in holding that petitioner was not entitled to relief, while the Oregon court relied upon federal law to hold that petitioner was entitled to relief.

65, 100 S.Ct. at 920 ("We therefore hold that § 1202(a)(1) prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds.") The Court concluded that Congress could rationally decide to prohibit certain classes of persons from possessing weapons, including convicted felons whose earlier convictions had been uncounseled. Reliability was not an issue because it was the fact of the conviction, not its reliability, that defined the prohibited conduct. The Court carefully distinguished prior cases where a subsequent sentence depended upon the reliability of a prior invalid conviction. *See, e.g., Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) (prior uncounseled felony conviction was void and thus inadmissible to enhance punishment under a Texas recidivist statute). Thus *Lewis* is not dispositive of the question here.

■ Petitioner correctly notes that appellate review has become an important component of the system for conclusively and accurately adjudicating the guilt or innocence of a criminal defendant. *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). Congress has also amended many statutes, though not all, to require that only final convictions be used as predicate offenses to enhance sentences. Nonetheless, information used to enhance a sentence ordinarily need be proven only by a preponderance of the evidence. *United States v. Restrepo*, 946 F.2d 654, 656–57 (9th Cir.1991) (en banc), *cert. denied,* —— U.S. ——, 112 S.Ct.

1564, 118 L.Ed.2d 211 (1992). *See also United States v. Potter,* 895 F.2d 1231, 1237–38 (9th Cir.) (predicate convictions are not elements of offense and thus need not be proven beyond a reasonable doubt), *cert. denied,* 497 U.S. 1008, 110 S.Ct. 3247, 111 L.Ed.2d 757 (1990); *United States v. West,* 826 F.2d 909, 912 (9th Cir.1987) (sentence enhancement under Armed Career Criminal Act upheld where "a substantial factual basis" existed to prove the prior convictions); *Jones v. United States,* 783 F.2d 1477, 1481 (9th Cir.1986) (defendant challenging sentence must show information court relied upon was "materially false or unreliable"). When a court relies upon a non-final conviction to enhance a sentence, the defendant has already been found guilty beyond a reasonable doubt, which is a much higher standard than a mere preponderance. Although errors do occur and convictions are occasionally reversed, it is still "more likely than not" that a state court conviction on direct appeal is valid.[3]

■ A defendant may also be denied bail and sent to prison even while the appeal of his conviction is still pending. 18 U.S.C. § 3143(b). If a non-final conviction is sufficiently reliable to send a person to prison, then it is sufficiently reliable to enhance a sentence, providing the sentence is vacated if the underlying conviction is subsequently reversed. A defendant is afforded even further protection by being given an opportunity to collaterally attack the predicate conviction at the time of sentencing. *See Vea–Gonzalez,* 999 F.2d at 1333.[4] I therefore

---

3. It has been suggested that when a sentencing factor has an extreme effect on the sentence, such as a departure from 30 months to 30 years, the sentencing factor has become "a tail which wags the dog of the substantive offense" and a higher standard of proof should be required. *See McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986) (dictum); *United States v. Kikumura,* 918 F.2d 1084, 1101 (3d Cir.1990) (12–fold increase in sentence required aggravating fact be proven by clear and convincing evidence). *See also United States v. Townley,* 929 F.2d 365, 370 (8th Cir.1991). All three opinions in *Restrepo* touched upon this question, 946 F.2d at 659–60, 661–62, 663–78, but the majority ultimately reserved that issue for another day. *United States v. Sanchez,* 967 F.2d 1383, 1385–87 (9th Cir.1992). The sentence enhancement here (12–1/2:1) exceeds the twelvefold increase in *Kikumura.* However, the Ninth

Circuit has never formally adopted this distinction, nor established a bright line rule for determining when such a higher standard of proof should be required. Moreover, the Ninth Circuit has previously upheld sentence enhancements under the Armed Career Criminal Act so long as there was a "substantial factual basis" for the predicate convictions. *West,* 826 F.2d at 912. In any event, there is no disputing the factual predicate here. Petitioner was convicted of robbery in 1966.

4. Albeit that attack cannot address errors of state law or even the full panoply of federal constitutional errors. *See, e.g., Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976) (barring collateral attack upon state conviction on Fourth Amendment grounds where petitioner had full and fair opportunity to litigate that issue in state court).

reject petitioner's contention that only a "final" conviction is sufficiently reliable to enhance a sentence.[5]

## 2. *Comity:*

The Ninth Circuit has held that a defendant has an absolute constitutional right at sentencing to collaterally attack the convictions that are used to enhance his sentence. *Vea–Gonzales,* 999 F.2d at 1333. Although the sentence at issue in *Vea–Gonzales* was imposed under the Guidelines, this reasoning should also apply to pre-Guideline statutory sentence enhancements. Indeed, the *Vea–Gonzales* court declared that this was not a new rule, but one that had been "firmly established" even "[b]efore the advent of the Guidelines." *Vea–Gonzales,* 999 F.2d at 1334.

Allowing a defendant to collaterally attack any and all prior state court convictions at the time of sentencing poses a number of practical and constitutional questions under even the best of circumstances. Special problems arise when the predicate conviction challenged in the federal sentencing proceeding is still under direct review in the state courts. If non-final convictions may be used to enhance a sentence, the federal court would be placed in the awkward position of having to decide the merits of a collateral attack upon a conviction while the same issues are pending in a direct appeal before the state courts. That raises serious questions of comity between the two levels of government. *See Williams,* 651 F.2d at 650.

It has long been the rule that in the interest of orderly administration of justice collateral challenges upon a conviction should not be permitted until the expiration of all direct review. *Id.* The same concerns have led some courts to conclude that only final state court convictions should be used to enhance a federal sentence:

> If enhancement were permitted while the conviction is still pending review in another court, we would introduce the possibility that the second sentencing court—and the court of appeals reviewing its judgment—could pass on legal issues pending in another appellate tribunal. This, in turn, would make possible conflicting results, with all their attendant complications and embarrassments. Certainly, Congress never intended such a construction.

*Id.,* quoting *Allen,* 566 F.2d at 1196. Indeed, in the present case the Ninth Circuit ruled on the merits of petitioner's claims, only to have the Oregon Court of Appeals disagree with some of those conclusions.

*Williams* is not directly controlling here because the statute at issue contained an express finality requirement, and the only question was whether a conviction should be deemed final while a petition for certiorari was pending. The statute at issue in *Allen* also contained an express finality requirement, and the question before the court was limited to whether "final" referred to the proceedings at the trial court or appellate level. I must therefore decide whether non-final state court convictions may be used to enhance a subsequent federal sentence.

The Ninth Circuit implicitly answered this question in *Guzman–Colores:*

> In *Williams* ... we held that while direct review is actually in progress, a defendant *could not appropriately challenge the same conviction collaterally,* as he would be obliged to do to avoid enhancement. Thus, our concern in *Williams* was that the defendant be given the opportunity to make a challenge on the merits under § 851, a challenge *that is simply inappropriate while direct review is still pending.*

---

5. There is a line of cases holding that predicate convictions must be final if they are to be used as a basis for deporting an alien. *Pino v. Landon,* 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955) (per curiam); *Morales–Alvarado v. INS,* 655 F.2d 172, 174–75 (9th Cir.1981). That is true even though the statute in question does not contain an express finality requirement. The rationale was apparently that "drastic consequences" may result from a determination that an alien has been convicted of a crime. *Marino v. INS,* 537

F.2d 686, 691 (2d Cir.1976) (citing *Delgadillo v. Carmichael,* 332 U.S. 388, 391, 68 S.Ct. 10, 12, 92 L.Ed. 17 (1947); *Costello v. INS,* 376 U.S. 120, 128, 84 S.Ct. 580, 585, 11 L.Ed.2d 559 (1964)). It is unclear whether these courts were concerned that a non-final conviction is less reliable, or only that the alien will suffer irreparable harm even if the predicate conviction is later reversed. In either event, I decline to extend *Morales–Alvarado* and *Pino* beyond deportation cases.

**432**

*Guzman–Colores,* 959 F.2d at 135 (emphasis added). This is partly dicta, since the precise issue in *Williams* was the definition of "final conviction" for purposes of a statute that allowed only final convictions to be used to enhance a sentence. To reach its decision, the *Williams* court had to discuss the policy reasons underlying that statutory requirement. Similarly, the statements in *Guzman–Colores* are partly dicta since the ultimate holding was that a conviction is final for purposes of enhancing a sentence even though a post-conviction petition was pending in state court. Nonetheless, the clear implication is that a collateral attack upon a conviction is inappropriate while a direct appeal is still pending. Since a defendant has an absolute right to collaterally attack any conviction used to enhance his sentence, it would logically follow that only final convictions may be used to enhance a sentence.

There are two plausible arguments to the contrary, though neither is ultimately persuasive. First, a defendant who collaterally attacks a final sentence pursuant to *Vea–Gonzales* could conceivably have a collateral attack pending in the state courts at the same time. Thus, even if only final convictions are used for enhancement purposes, there may still be occasions when a federal court must rule on issues that are also at issue in a pending habeas proceeding in state court. This possibility is only speculative, however, in that there is no guarantee that the defendant will have a habeas petition pending in the state court at that precise moment. Conversely, a non-final conviction is by definition one where a direct appeal is pending in the state courts. Accordingly, the chance of a conflict between the two courts is far greater when non-final convictions are used to enhance sentences. Moreover, it is probably a greater intrusion for a federal court to review the validity of a conviction while a direct appeal of that same conviction is pending in the state courts as compared to a petition for post-conviction relief.

The second argument is that the federal court is not vacating the state conviction, but merely deciding whether it is sufficiently reliable to be used for purposes of sentence enhancement. *United States v. McGlocklin,* 8 F.3d 1037 (6th Cir.1993). If there is no judgment upon which the state court proceeding could be collaterally estopped, then there is arguably no intrusion into state affairs. As an original matter, I would probably agree with that argument, but the Ninth Circuit implicitly rejected that argument in *Guzman–Colores* and *Williams,* as did the Third Circuit in *Allen.*

■ For purposes of this case, I will assume, without deciding, that in the Ninth Circuit, a collateral attack upon a prior state conviction, even if it is only for purposes of sentencing, "is simply inappropriate while direct review is still pending." *Guzman–Colores,* 959 F.2d at 135.[6] I therefore turn to the question of whether that rule applies to the unique facts in this case.

The government first argues that "any finality requirement announced by the Ninth Circuit in the Vea–Gonzales opinion in 1993 should not be applied to a 1986 conviction", citing *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1988). Petitioner questions whether *Teague* even applies to a § 2255 petition. *See Walter v. United States,* 969 F.2d 814, 817 (9th Cir.1992) (declining to decide this question). Even if *Teague* did apply, it would not bar relief here. To the extent the petition relies upon the rule stated in *Vea–Gonzales,* the Ninth Circuit has already found that it was not a new rule, but one that had been "firmly established" even "[b]efore the advent of the Guidelines." *Vea–Gonzales,* 999 F.2d at 1334. Moreover, a rule that only final state court convictions may be used to enhance a federal sentence would not flow directly from *Vea–Gonzales.* Rather, its roots would be in *Williams* and *Allen,* both of which predated petitioner's federal conviction.

---

**6.** Such a rule encourages a defendant to appeal every state court conviction all the way to the Supreme Court in order to delay the day when the conviction can be used for enhancement purposes. That is an unfortunate result, but it is indicative of the kinds of problems that arise when sentencings are turned into super-habeas proceedings, which is the practical effect of the Circuit's decision in *Vea–Gonzalez.*

The government also argues that the conviction was final at the time of sentencing, and the delayed appeal was prescribed as a remedy pursuant to a petition for post-conviction relief. Petitioner counters that since the Oregon court has determined that he was unconstitutionally denied his appeal rights in 1966, the conviction was not final at the time of sentencing in federal court, even though it was many years before a court acknowledged the error. I need not resolve that dispute because, even assuming petitioner is correct, the conviction was nonetheless thought to be final at the time I sentenced petitioner. Petitioner was permitted to mount a collateral attack on his non-final state court conviction. The district court and Ninth Circuit resolved petitioner's constitutional challenge to his 1966 conviction, only to have the Oregon Court of Appeals reach a different result. At this point, there is little to be gained by retroactively applying the finality requirement. The evil that the rule seeks to prevent has already occurred. Vacating the sentence will not repair the damage, because it is comity between the federal and state courts, not the individual rights of petitioner, that the finality rule is intended to protect. Comity is not a personal constitutional right. *See Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 850–51, 106 S.Ct. 3245, 3256, 92 L.Ed.2d 675 (1986) (structural constitutional principles protect institutional governmental interests). *See also Stone,* 428 U.S. at 486, 96 S.Ct. at 3048 (*Mapp* exclusionary rule is not a personal constitutional right, and hence cannot be used as a basis for post-conviction relief); *Withrow v. Williams,* —— U.S. ——, ——, 113 S.Ct. 1745, 1753, 123 L.Ed.2d 407 (1993) (contrasting *Mapp* and *Miranda* rules, and allowing habeas attack in the latter instance because the reliability of the conviction is implicated by a *Miranda* violation but not a *Mapp* violation).

Accordingly, I decline to vacate petitioner's sentence at this time. Petitioner may file a new § 2255 motion in the event his 1966 conviction is ultimately reversed on appeal.

*See Johnson v. Mississippi,* 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) (enhanced sentence vacated after predicate conviction was reversed).

## CONCLUSION

Petitioner's motion (# 114) to vacate or correct sentence is denied.