**UNITED STATES of America**

v.

**Jesus M. ACOSTA.**

**Cr. No. 93–0121 P.**

United States District Court,
D. Rhode Island.

July 28, 1994.

Gerard B. Sullivan, Asst. U.S. Atty., Providence, RI, for the U.S.

Thomas G. Briody, Providence, RI, for plaintiff.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Defendant Jesus Acosta was convicted in this court of one violation of 18 U.S.C. § 922(g) (1988) (firearm possession). The government filed a Motion Concerning Information Charging Prior Offenses to inform the court that Mr. Acosta has three previous convictions for serious drug offenses and is therefore subject to be sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e)(1) (1988). Mr. Acosta argues that one of his prior convictions is under collateral attack and cannot be considered a "final" conviction within the meaning of the Armed Career Criminal Act. For the reasons set forth below, the government's motion is granted.

The Armed Career Criminal Act functions to enhance sentences when a defendant is convicted under section 922(g) and has a history of violent felonies or drug offenses. The sentence imposed by the Act is in addition to any sentence imposed for the underlying offense. The applicable portions of the Armed Career Criminal Act are as follows.

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, . . .

18 U.S.C. § 924(e)(1). Thus, a sentence is not enhanced under this Act unless there are three predicate convictions. Mr. Acosta argues that he does not qualify for the Act because he does not have three final convictions.

In October 1988, Mr. Acosta pleaded guilty to a charge of conspiracy to traffic

marijuana in Florida state court. Mr. Acosta was sentenced to 366 days in prison but apparently was released a few months later. Mr. Acosta filed a request for postjudgment relief in the Florida state court system on May 9, 1994. He attacks the 1988 conviction on the ground that the trial judge did not inquire as to the factual basis for the plea. Mr. Acosta now argues that the pendency of this collateral attack means that the government lacks the necessary convictions to support a section 924(e)(1) enhancement.

The government contends that this issue was settled in *Custis v. United States,* —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). In *Custis,* the Supreme Court held that a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of prior state convictions which are used to enhance his sentence under the Armed Career Criminal Act. However, the Court noted that defendant who was still "in custody" could attack his state convictions in state court or through federal habeas review. *Id.* at ——, 114 S.Ct. at 1738. Mr. Acosta is not attempting to collaterally attack his Florida conviction during his sentencing proceedings because he has already attacked that conviction. Since Mr. Acosta attacked his Florida conviction in a Florida court prior to the sentencing in the present case, the *Custis* decision is not applicable in this case.

The question therefore is whether a final conviction becomes a pending conviction with the filing of a collateral attack. In *United States v. Allen,* 24 F.3d 1180 (10th Cir.1994), the Tenth Circuit considered a similar issue. In *Allen,* the defendant received an enhanced sentence under the career offender category of the United States Sentencing Guidelines. Under section 4B1.1, a defendant is subject to an enhanced sentence, if 1) he was at least eighteen years of age at the time of the offense, 2) the offense of conviction is either a crime of violence or a controlled substance offense, and 3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Because the conviction at issue in *Allen* was the defendant's fifth conviction, the district court applied the career offender guideline.

Allen argued that the enhancement was improper because four of his five prior convictions were under collateral attack at the time of sentencing and therefore were not final. The court rejected his argument. "Acceptance of this argument would undermine substantially the finality of the judgment and render prior convictions unreliable on an almost open ended basis. It would allow criminal defendants an expedient method of avoiding enhancement." *Id.* at 1187. The court went on to note that "in this case Allen filed collateral attacks on his prior convictions shortly before sentencing, but long after those judgments were otherwise final." *Id.* Mr. Acosta seems to have adopted the same strategy. His conviction was final in 1988 but his collateral attack did not take place until May of 1994. Thus, the Tenth Circuit addressed and rejected the same argument that Mr. Acosta raises in the present case, albeit under a different statute.

The Ninth Circuit reached the same result in *United States v. Guzman–Colores,* 959 F.2d 132 (9th Cir.1992). In that case, the defendant filed a petition for post-conviction relief and argued that the petition should stay finality of his convictions under 21 U.S.C.A. § 841 (West Supp.1994). Section 841 operates in the same manner as section 924(e) and the career offender guideline. Under section 841, a defendant who violates the narcotics laws and "commits such a violation after one or more prior convictions for an offense punishable under this paragraph, or for a felony . . . relating to narcotic drugs . . . have become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . ." *Id.* at § 841(b)(1)(B). Defendant had been found subject to the enhancement provisions of section 841. The court rejected the argument that his convictions were not final, holding that the defendant's "prior convictions became final once the time for direct review passed." *Guzman–Colores,* 959 F.2d at 133. The compelling interest in orderly judicial administration would be significantly impaired were we to hold otherwise. The marginal gains in accuracy that might result from delaying imposition of an enhanced sentence pending the outcome of

post-conviction proceedings would not justify the anticipated disruptions in sentencing procedures, as well as the incentives to file frivolous post-conviction petitions. *Id.* at 136. The court also noted that "no court of appeals has gone so far as to hold that a post-conviction proceeding in another court stays finality of prior convictions under § 841." *Id.* at 136 n. 3.

Although both the Ninth and Tenth Circuits addressed the issue in the context of other statutes, I find the reasoning of *Allen* and *Guzman–Colores* persuasive. If the filing of a collateral attack rendered a conviction non-final, it is easy to imagine that many convictions would never be considered to be final. The cases cited by Mr. Acosta do not mandate a different result. In *Williams v. United States,* 651 F.2d 648 (9th Cir.1981), the Court discussed whether a prior conviction is final in the context of direct appellate review, which presents a different set of circumstances than the case presently before me.

Mr. Acosta cites *Domegan v. United States,* 703 F.Supp. 166 (D.Mass.1989) for the proposition that an enhanced sentence should not be based upon a constitutionally invalid conviction. "When the underlying convictions are constitutionally invalid, it is improper to let the enhanced sentence stand." *Id.* at 169. This statement is certainly true and is not in dispute in this case. However, Mr. Acosta's Florida conviction has not yet been found to be invalid. By holding Mr. Acosta subject to section 924(e), he is not without recourse should the 1988 conviction be found unconstitutional. If the Florida courts determine that Mr. Acosta's constitutional rights were violated, he is able to petition for review of his enhanced sentence. As the Tenth Circuit noted, "should any of the courts considering the collateral challenges determine that those sentences are unconstitutional, [the defendant] will retain the ability to challenge the enhancement imposed in this case under 28 U.S.C. § 2255." *Allen,* 24 F.3d at 1187.

In light of the above discussion, I hold that the filing of a post-conviction collateral attack upon a judgment of another court does not render a conviction non-final for sentencing purposes under 18 U.S.C. § 924(e). The government's motion is therefore granted.

SO ORDERED.