46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Eugene McKENZIE, Defendant-Appellant.
 No. 92-50562.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Eugene McKenzie appeals the sentence of 20 years' imprisonment and 10 years' supervised release imposed following his plea of guilty to possession with intent to distribute 146 grams of phencyclidine (PCP) in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 3
 McKenzie's appointed counsel, Ellen Kotler, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that she finds no meritorious issues for review. McKenzie has submitted a pro se brief, which he asks us to consider in the event that we deny his motion to appoint new counsel. He also asks us to "withdraw" Kotler's Anders brief. We deny McKenzie's request for the appointment of new counsel. We construe his motion to "withdraw" as a motion to strike Kotler's brief, and deny the motion as unnecessary. We consider here the arguments McKenzie raises in his pro se brief: that the district court erred, first, by sentencing him without eligibility for parole; second, by enhancing his sentence on the basis of a prior state narcotics conviction; and third, by sentencing him to a mandatory minimum prison term for which he was not eligible. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 4
 We review de novo the legality of a criminal sentence.[1] Rodriguera v. United States, 954 F.2d 1465, 1467 (9th Cir.1992). McKenzie complains that the district court erred by finding him ineligible for parole or special parole. We disagree. The statute McKenzie violated on September 11, 1987 expressly provided that "[n]o person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein." 21 U.S.C. Sec. 841(b)(1)(A). Moreover, both the Supreme Court and this court have held that supervised release, and not special parole, must be imposed for offenses occurring between the October 1986 enactment of the Anti-Drug Abuse Act and the November 1987 effective date of the Sentencing Reform Act. Gozlon-Peretz v. United States, 498 U.S. 395, 409; Rodriguera, 954 F.2d at 1467. Accordingly, the district court correctly determined that McKenzie was not eligible for parole or special parole.
 
 
 5
 McKenzie claims his sentence was illegally enhanced on the basis of a prior state felony conviction. He argues, first, that the prior conviction was not final because it carried a suspended sentence that was not imposed until January 5, 1988, after he committed the instant offense. A prior state conviction is final for sentencing enhancement purposes under Sec. 841(b)(1)(A) when the time for direct review has expired. United States v. Guzman-Colores, 959 F.2d 132, 136 (9th Cir.1992). McKenzie offers no evidence that his earlier sentence was under appeal in November 1991 when he pleaded guilty to the instant offense.
 
 
 6
 He further claims that only a prior federal conviction could have warranted enhancing his sentence, citing language from United States v. Gates, 807 F.2d 1075, 1081-82 (D.C.Cir.1986), cert. denied, 481 U.S. 1006 (1987). We reject this argument because Gates applied law that was no longer in effect at the time of McKenzie's crime. The statute McKenzie violated provided enhanced penalties for defendants with one or more prior state felony narcotics convictions. 21 U.S.C. 841(b)(1)(A).
 
 
 7
 Finally, McKenzie argues he did not qualify for the mandatory minimum sentence because the PCP-containing substance he possessed weighed less than 1000 grams. This argument fails. The relevant statute mandated an enhanced penalty of 20 years' imprisonment and ten years' supervised release for a crime involving "100 grams or more of phencyclidine or one kilogram or more of a ... substance containing a detectable amount of phencyclidine (PCP)." 21 U.S.C. Sec. 841(a)(1)(A) (emphasis added). By his own admission, the substance McKenzie possessed contained 146 grams of PCP, enough to trigger the mandatory minimum. We discern no error. See Rodriguera, 954 F.2d at 1457.
 
 
 8
 Counsel's motion to withdraw is GRANTED, and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government argues that some of McKenzie's claims, raised for the first time on appeal, should be reviewed for plain error. We need not determine the appropriate standard because McKenzie's claims fail under either