Arthur M. CLAWSON, Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 94–35148.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1995.

Decided April 18, 1995.

Steve T. Wax, Federal Public Defender, Portland, OR, for plaintiff-appellant.

Frank Noonan, Asst. U.S. Atty., Portland, OR, for defendant-appellee.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

PER CURIAM:

Arthur Clawson appeals the district court's denial of habeas relief under 28 U.S.C. § 2255 on Clawson's claim that his federal sentence under the then existing Armed Career Criminal Act (ACCA), 18 U.S.C.App. § 1202 (1982 & Supp. III 1985) (repealed 1986), was improperly enhanced through use of a state conviction that later became nonfinal when his appeal from the state judgment was reopened, and was unconstitutionally obtained.

In 1966 Clawson was convicted of robbery in the Oregon courts. His appeal was abandoned by counsel.

In 1986, Clawson was convicted in federal court of possession of a firearm, in violation of the ACCA. The Oregon robbery conviction was one of three used to enhance his sentence. A constitutional challenge to the validity of the robbery conviction was rejected on appeal from his federal sentence. *United States v. Clawson,* 831 F.2d 909 (9th Cir.1987), *cert. denied,* 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 323 (1988).

Clawson then sought relief in state court, and the Oregon Court of Appeals ordered Clawson's original direct appeal reopened on the grounds that his counsel had abandoned the case without the consent of his client and without filing an *Anders* brief. *Clawson v. Maass,* 119 Or.App. 287, 850 P.2d 398 (1993).

In this habeas action, Clawson challenges the use of that robbery conviction, which is no longer final, to enhance his federal sentence. The district court denied relief in a published opinion, *United States v. Clawson,* 842 F.Supp. 428 (D.Or.1994), reaching grounds that it felt compelled to address because of our decision in *United States v. Vea–Gonzales,* 999 F.2d 1326 (9th Cir.1993), which held that a defendant has a constitutional right to collaterally attack prior convictions that are being used to enhance his sentence. In the meantime, the United States Supreme Court rendered its decision in *Custis v. United States,* 511 U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), effectively overruling *Vea–Gonzales* and holding that the right of collateral attack on prior convictions extends only to deprivation of the right to counsel. *See United States v. Burrows,* 36 F.3d 875, 885 (9th Cir.1994).

Clawson now argues that any limitation imposed by *Custis* is inapplicable to his case, because the ineffectiveness of appellate counsel who failed to pursue his appeal is the constitutional equivalent of denial of counsel. He also contends that *Custis* does not address the question presented here—whether the term "conviction" includes the concept of finality. And he urges that Fed.R.Crim.P. 32 provides an independent basis for permitting collateral challenges to the reliability of convictions used to enhance sentences that is broader than a statutory or constitutional requirement.

We hold that there is no finality requirement in the version of the ACCA under which Clawson was sentenced, and that under *Custis,* there is no constitutional right to collaterally attack the validity of a state conviction in a federal sentencing hearing on any basis other than denial of the right to counsel, including ineffective assistance of counsel. We therefore affirm the denial of Clawson's petition to set aside his federal sentence.

I

Clawson argues that the term "conviction" within the ACCA means only a final convic-

tion. Because his direct appeal is still alive in state court and his conviction is not final, *Teague v. Lane,* 489 U.S. 288, 295, 109 S.Ct. 1060, 1066, 103 L.Ed.2d 334 (1989), Clawson contends that the conviction could not be used to enhance his federal sentence.

■ Section 1202 as then in effect contains no finality requirement. Rather, Clawson suggests, the policies that inspired Congress to include a finality requirement in 21 U.S.C. § 841(b)(1)[1] should impel us to read the same requirement into the ACCA. That is for the Congress, not us, to decide. A subsequent change in a different statute does not change the text or meaning of 1202.

■ Clawson next contends that as finality has been held to be implicit in the meaning of conviction in immigration cases, *Pino v. Landon,* 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955); *Morales–Alvarado v. INS,* 655 F.2d 172, 174–75 (9th Cir.1981), it should likewise inhere in the term "conviction" for purposes of sentencing enhancement as well. However, this suggestion is at odds with *United States v. Mackbee,* 894 F.2d 1057, 1058–59 (9th Cir.) (per curiam), *cert. denied,* 495 U.S. 962, 110 S.Ct. 2574, 109 L.Ed.2d 755 (1990), and *Williams v. United States,* 651 F.2d 648 (9th Cir.1981), in which we indicated that whether a prior conviction must be final before being used to enhance a sentence turns on the particular language of the statute which permits enhancement. Indeed, *Williams* noted that, in the recidivist statute it considered, prior to a change that added a requirement that previous convictions had become final, "[e]nhanced sentences were thus imposed after conviction by a trial court, but before review by higher courts was completed." 651 F.2d at 649. We therefore conclude that because the ACCA did not impose a requirement that prior convictions be final for purposes of enhancement, it is not necessary to correct Clawson's federal sentence because it relied in part on a prior conviction that is still on appeal.

■ Clawson contends alternatively that due process forbids use of nonfinal convic-

tions because they are insufficiently reliable. We disagree. Due process demands that there be a substantial factual basis for prior convictions used to enhance a sentence. *United States v. West,* 826 F.2d 909, 911–12 (9th Cir.1987). No conviction occurs unless a fact finder is convinced beyond a reasonable doubt that the defendant committed the crime. That appeals are sometimes successful, and insure greater reliability of the trial process, *see Evitts v. Lucey,* 469 U.S. 387, 399–400, 105 S.Ct. 830, 837–38, 83 L.Ed.2d 821 (1985) ("A system of appeal as of right is established precisely to assure that only those who are validly convicted have their freedom drastically curtailed"), does not create a probability that jury verdicts are unreliable, or prevent nonfinal convictions from meeting the substantial factual basis standard. We decline to create a rule that so long as a conviction is on appeal, it is constitutionally unreliable and cannot be used for enhancement. If a defendant succeeds on his appeal, he should then petition the court to reopen his sentence. *See Custis,* 511 U.S. at —, 114 S.Ct. at 1739 ("If Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences").

## II

■ Clawson asserts that he has a right to challenge the validity of his state law conviction in a federal sentencing hearing. After *Custis,* Clawson's reliance on *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and *Vea–Gonzales* is misplaced. The *Custis* Court made clear that where, as in *Burgett,* there was a denial of the right to counsel as guaranteed under the doctrine of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), allowing collateral attack on prior convictions is constitutionally required, but that where other claims are made (including ineffective assistance of counsel), there is no such constitutional right. *Custis,* 511 U.S. at —, 114 S.Ct. at 1738. We have explicitly recognized this in *United*

---

1. "If any person commits such a violation after a prior conviction for a felony drug offense has become final...." 21 U.S.C. § 841(b)(1)(A).

*States v. Price,* 51 F.3d 175 (9th Cir.1995) (holding defendant had no statutory or constitutional right to collaterally attack his convictions), and *United States v. Sanchez,* 37 F.3d 1417, 1418 (9th Cir.1994) (denying defendant right to collaterally attack prior conviction on the ground that his plea was involuntary).

Clawson attempts to save his attack on the grounds that Rules 32(a)(1)[2] and (c)(3)(D)[3] combine to allow a hearing as to any controverted matter when a defendant alleges a factual inaccuracy. Clawson's sentence was enhanced because of his conviction; were he to challenge the fact of his conviction, he would be entitled to do so, but he challenges instead its validity. Rule 32 affords no basis for such a collateral attack.

Similarly, Clawson's reliance on 28 U.S.C. § 994(d)(10)[4] is without basis. The requirement that only relevant criminal history be used does not imply that the prisoner is entitled to collaterally challenge the constitutionality of those convictions. *See Price,* 51 F.3d at 177 ("The legislation authorizing the Guidelines, 28 U.S.C. §§ 991 *et seq.,* does not expressly or impliedly provide defendants with an opportunity to challenge the validity of prior convictions before the sentencing court may count them for career offender calculations").

Following *Custis,* there is no constitutional right to collaterally challenge the constitutionality of a prior conviction for any reason other than deprivation of the *Gideon* right to counsel. Neither § 994(d)(10) nor Rule 32 creates such a right in this case.

### III

In analyzing Clawson's claims, the district court carefully considered the concerns of federalism and comity. In light of

*Custis,* which prevents collateral attack during sentencing, the concerns of federalism and comity are muted, as the sentencing court does not evaluate the propriety of the conviction in the other court. This being the case, interests of comity and federalism do not require vacation of Clawson's sentence.

### IV

Clawson contends that enhancement requires a higher standard of evidence than merely a preponderance of the evidence. Here, a jury has found Clawson guilty beyond a reasonable doubt of the enhancing predicate offense. Even assuming a higher standard of proof than preponderance is required, that standard has been met.

**AFFIRMED.**

---

2. "At the sentencing hearing, the court shall afford the counsel for the defendant and the attorney for the government an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence." Fed.R.Crim.P. 32(a)(1). The judge shall also "determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed.R.Crim.P. 32(a)(1)(C).

3. "[T]he court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D).

4. "The commission ... shall take ... into account only to the extent they do have relevance— ... (10) criminal history...." 28 U.S.C. § 994(d).