**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Javier GONZALES, Defendant–Appellant.**

No. 06–30035.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed Feb. 21, 2007.

Bernard F. Hubley, Esq., USHE—Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

John P. Rhodes, Esq., FDMT—Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: BEEZER, FISHER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Defendant Javier Gonzales appeals the district court's determination that a prior Montana drug conviction qualified him for a mandatory sentencing enhancement under 21 U.S.C. § 841(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In April 2003, Gonzales received a three-year deferred sentence after pleading guilty to felony possession of cocaine in Montana state court. Gonzales violated the terms of his deferred sentence and a bench warrant was issued in February 2004. In September 2005, Gonzales pleaded guilty to four federal drug charges, the sentence for which is the subject of this appeal.

Gonzales argues that because he received a deferred sentence, his 2003 conviction had not yet become "final" for purposes of 21 U.S.C. § 841(b). To the contrary, his 2003 conviction became final under both federal and state law sixty days after the entry of judgment, at which point it was no longer subject to direct appeal. *See United States v. Guzman–Colores,* 959 F.2d 132, 133 (9th Cir. 1993) (holding that defendant's "prior convictions [under § 841] became final once the time for direct review passed"); *Davis v. State,* 321 Mont. 118, 88 P.3d 1285, 1287–88 (2004) (setting out timeline for direct review under Montana law and characterizing defendant's argument that a deferred sentence is exempt from the normal rules of finality as "without merit"). Because Gonzales failed to satisfy the terms of his deferred sentence or to have the underlying charge dismissed, we do not address what the consequences would have been under § 841(b) had he done so. The district court therefore properly concluded that Gonzales merited a sentencing enhancement under § 841(b) based on his 2003 conviction.

**AFFIRMED.**