103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert LUTZ, Defendant-Appellant.
 No. 95-17040.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 05, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Lutz, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Lutz was convicted of conspiracy to possess a controlled substance with intent to distribute and attempt to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 3
 * Due Process Violations
 
 
 4
 Lutz contends that his due process rights were violated in the course of this section 2255 motion because the district court: (1) granted the government extensions of time and allowed them to file ex parte motions; (2) granted a limited waiver of Lutz' attorney-client privilege; (3) denied Lutz' motion for an evidentiary hearing and appointment of counsel; and (4) denied Lutz' motion for sanctions. These contentions lack merit.
 
 
 5
 First, the district court did not exceed its authority when it granted extensions of time and allowed the government to file ex parte motions. See Hamilton Copper & Steel, Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990) (noting that district court has inherent authority to manage its own docket). Second, the district court's grant of a limited waiver of Lutz' attorney-client privilege was proper because Lutz himself raised the issue of ineffectiveness of counsel. See Home Indemnity Corp. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1326 (9th Cir.1995) (holding that when claims put privileged information at issue, this court deems privilege waived as to that information). Third, Lutz had no Sixth Amendment right to counsel in a collateral proceeding and a district court need not appoint counsel for an indigent petitioner when an evidentiary hearing is not required. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986). Fourth, because Lutz' claims are without merit, the district court did not abuse its discretion by failing to hold an evidentiary hearing. See Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (stating that evidentiary hearing need not be granted when movant's allegations do not state claim for relief). Last, the district court sufficiently explained its reason for declining to impose sanctions when it found that any oversight by the government was neither willful nor with intent to gain tactical advantage. See Fed.R.Civ.P. 11(b)(1); Trulis v. Barton, 67 F.3d 779, 790 (9th Cir.1995) ("[S]ome explanation or indication of the basis for the district court's decision is necessary" before denying a motion for sanctions).
 
 II
 Outrageous Government Conduct
 
 6
 We reject Lutz's contention that he was the victim of outrageous government conduct because he was prosecuted after a "reverse" sting. Lutz has not shown that the government engineered and directed the criminal enterprise from start to finish or that the government's conduct was otherwise "repugnant to the American system of justice." United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991) (citation omitted).
 
 III
 Sentencing Errors
 
 7
 Lutz also challenges his sentence on that basis that (1) he should have received a downward departure based on "sentencing entrapment" and (2) his Presentence Report ("PSR") contained a prior New York conviction that was obtained in violation of his right to counsel.
 
 
 8
 We agree with the district court that Lutz cannot now complain about these sentencing errors. See United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990) (holding that a defendant waives right to challenge the PSR and sentence adjustments by failing to present the issue in district court). Not only did Lutz fail to raise the issue of sentencing entrapment or to object to the PSR at sentencing, the transcript reveals that Lutz stated in open court that he had read the PSR and that it contained no factual errors. The PSR specifically stated, in reference to the prior conviction, that "it has been verified that the defendant was represented by defense counsel."[1]
 
 IV
 Ineffective Assistance of Counsel
 
 9
 Lutz contends that his counsel was ineffective because counsel (1) did not inform Lutz of the consequences of his plea; (2) did not raise the fact that Lutz could not pay the fine; and (3) did not discover the uncounseled prior conviction or argue that the conviction was remote. These contentions lack merit.
 
 
 10
 To prevail on a claim of ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697.
 
 
 11
 First, given Lutz's confirmation at sentencing that he had read the PSR, which included the statement that "the defendant was represented by defense counsel" in the New York conviction, he cannot now complain that counsel should have further investigated the validity of the that conviction. Moreover, because we hold that Lutz's prior conviction was not uncounseled, he cannot show prejudice. See id. Next, the sentencing transcript reveals that Lutz acknowledged in open court that he understood that (1) he was pleading guilty without a plea bargain "with no promises of leniency or any other consideration from the government"; (2) the two charges each carried a sentence of ten years to life under the Sentencing Guidelines; (3) there was a ten-year mandatory minimum; (4) his sentence could be higher or lower depending on a number of factors, including any prior criminal record, but that he could not be sentenced to less than ten years unless the government made a motion; (5) there was a five year mandatory period of supervised release; and (6) there was a possible fine of up to four million dollars. Because it is apparent from the record that Lutz was informed of the consequences of his plea he cannot show prejudice. See id.
 
 
 12
 Finally, Lutz cannot show prejudice regarding his claim that defense counsel should have argued that his prior conviction was too remote to be considered during sentencing. "The district court may count a prior conviction if the conviction resulted in the defendant's incarceration during any part of the fifteen years prior to the commission of the present offense." United States v. Harrington, 923 F.2d 1371, 1375 (9th Cir.1991). Here, Lutz committed the offenses for which he is currently incarcerated from August 24, 1989 to October 11, 1989. Lutz had been convicted in New York on September 30, 1974 and was released onto parole on January 27, 1978. Because Lutz was incarcerated "during any part of the fifteen years prior to the commission of the present offense" the New York conviction was properly considered during sentencing, and Lutz cannot show that he was prejudiced by his counsel's actions. See Strickland, 466 U.S. at 688.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the district court's denial of Lutz's motion under the former version of 28 U.S.C. § 2255, we do not address the applicability of the Antiterrorism and Effective Death Penalty Act of 1996 to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, the transcript of the prior conviction reveals that Lutz was represented by counsel at trial, but chose to discharge him. Lutz sought a continuance on the eve of trial in order to substitute counsel. The state trial court gave Lutz the option of continuing to be represented by his counsel or representing himself. The trial court noted that "you are represented by extremely competent counsel and you have made that choice from the beginning in this case." Lutz chose to discharge his counsel. The trial court allowed Lutz numerous opportunities to reconsider the discharge of his attorney, which he declined to do. See Clawson v. United States, 52 F.3d 806, 807 (9th Cir.1995) (per curiam) ("[T]here is no constitutional right to collaterally attack the validity of a state conviction ... on any basis other than denial of the right to counsel.")